Browne, J.
—The question arising upon this appeal is whether the facts urged by the defendant in her exoneration from liability for rent under the terms of the lease in evidence, constituted a constructive eviction, and justified her in abandoning the premises.
A definition of eviction well applied to the case at bar is found in McAdam's Landlord & Tenant, 478, where it is said that “ an eviction is where there has been an obstruction to the beneficial enjoyment of the premises, ahd a diminution of the consideration of the contract by the acts of the landlord, or with his permission, or by paramount title, although these acts do not amount to a physical eviction, if they are so illegal and monstrous as to be equivalent to it.”
The defendant established on the trial that the heating apparatus in the premises occupied by her, and in fact throughout the entire building, was inadequate for the purposes of supplying sufficient warmth to the inmates ; that it became necessary in addition to build grate fires to heat the rooms, but that the flues and chimneys were defective or so constructed that they reversed the laws of nature, and instead of carrying the smoke and gases from the grate fires skyward, to commingle with the outer atmosphere, caused them to descend into the apartments occupied by the defendant ; that her rooms were frequently filled with smoke *314 not only from her own fires, but from those maintained by other tenants in the house ; that by reason of the density of the smoke it was sometimes found impossi•ble to distinguish objects across the room, and often in the coldest and most inclement weather, it became necessary to throw open the windows to permit the smoke to leave the rooms, rendering her occupancy, very trying, an annoyance and a nuisance.
It was .also contended by the defendant that the elevator service was inefficient, and that she was ire-' quently deprived of the use of the elevator in carrying-her to and from her apartments, on the fourth floor of the building.
The questions were litigated between the parties, and the facts submitted to the jury, and their finding in favor of the defendant affirmatively established the facts that the steam heat agreéd by the landlord to be supplied was inadequate; that additional heat became essential to a proper enjoyment of the premises ; that the flues and chimneys were defective or improperly constructed ; that her apartments were often filled with dense smoke, as she contended, ánd that the elevator service was inefficient. All these questions were properly presented to the jury as questions of fact, and their finding in defendant’s favor is conclusive as to them.
We are of opinion, from an examination of the evidence, that the jury could, not well have found otherwise, as the proof was ample.
The question that remains is whether these grievances were an obstruction to the beneficial enjoyment of the premises. We think they were. Apartment houses, represented to contain upon one floor all the conveniences of the usual and ordinary dwelling houses, are assumed to be constructed in a manner calculated to conduce to the comfort and enjoyment of the inmates in the same manner as the nmre com *315 m odious dwelling houses, and the existence of any such unlooked for discomforts as were shown to have existed here, seriously interfering with and affecting the tenant’s beneficial enjoyment of the demised premises, would justify the tenant’s abandonment and amount to a constructive eviction.
A careful examination of the record discloses no error committed in the reception or rejection of evidence warranting interference with the verdict, nor do we find any objectionable matter in the learned judge’s charge to the jury, which on the whole we deem as favorable to the plaintiff as circumstances permitted.
Judgment affirmed, with costs to respondent.
Hall and Hawes, JJ., concurred.