### KOEHLER v. SCHEIDER.

(*Common Pleas of New York City and County, General Term.* April 1, 1889.)

LANDLORD AND TENANT—RENT—EVICTION—ESTOPPEL TO PLEAD.

In an action for a monthly installment of rent, the fact that plaintiff obtained a judgment for the preceding month's rent will not estop defendant to plead an eviction, where he vacated the premises after the month for the rent of which the judgment was recovered, though some of the reasons for vacating existed before that time.

Appeal from city court, general term.

Action by Hermann Koehler against Joseph Scheider to recover rent for months of March and April, 1886, under a yearly letting from May 15, 1885. The defense was a general denial and a constructive eviction. The rent for February, 1886, not having been paid, plaintiff sued for it, alleging a letting to defendant for a year from May 1, 1885, at $6,000 a year, payable monthly, at end of month, demand and refusal to pay rent for February, 1886. The answer was a general denial. The questions on that trial were: (1) Was the letting to Joseph Scheider or the Manhattan Stamping Works? (2) Had the plaintiff performed his contract as to power, etc? The jury found for the plaintiff, the defendant appealed, and the judgment, having been affirmed, was paid by defendant. On the trial of this action defendant was permitted to prove the eviction alleged in the answer. The jury found for defendant, and on the motion of plaintiff the verdict was set aside. Defendant appealed to the general term, where the order was affirmed; the court holding that the judgment for the February rent concluded defendant as to all defenses to the payment of rent now sought to be maintained, and that the judgment is *res adjudicata* as to all such defenses, which were not, but might and ought to have been, pleaded as defenses in the former action. On the 1st day of March, 1886, defendant abandoned the premises, and this action was brought to recover the rent for March and April, the remainder of the term. On defendant's appeal from the decision of the city court, a reargument was ordered, two judges not agreeing.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*George H. Yeaman* and *Maurice Rapp*, for appellant. *E. J. Myers*, for respondent.

LARREMORE, C. J. This is a reargument of an appeal from a judgment of the city court in favor of the plaintiff. A verdict was directed for the amount claimed, being the rent of a certain building for March and April, 1886, on the ground that a previous judgment recovered by plaintiff against defendant for the rent of the same premises for February, 1886, operated as a bar to all

defenses raised in the present action. In this I think error was committed, and I concur in the opinion rendered by Judge DALY after the former argument. Granting that, under the doctrine of *res adjudicata*, a prior judgment recovered in an action between the same parties becomes a bar as to all defenses actually raised or which might have been raised therein, the question arises whether the defense of eviction, relied on in the case at bar, could have been successfully interposed in such former action. It appears that defendant did not vacate the premises until March 1st, and I am therefore of opinion that he could not have pleaded eviction as a defense to the February rent. In *Edgerton* v. *Page*, 20 N. Y. 281, it was said by GROVER, J., that "the true rule from all the authorities is that while the tenant remains in possession of the entire premises demised, his obligation to pay rent continues." Again, in *Boreel* v. *Lawton*, 90 N. Y. 293, the court of appeals say: "But we know of no case sustaining the doctrine that there can be a constructive eviction without a surrender of the possession. It would be manifestly unjust to permit the tenant to remain in possession, and, when sued for the rent, to sustain the plea of eviction by proof that there were circumstances which would have justified him in leaving the premises." This is only another way of saying that one cannot raise the defense of eviction, unless he has been evicted. A tenant is evicted when he vacates, either because expelled by actual force, or because the landlord has been guilty of such faults of commission or omission in relation to his duty towards the premises as to deprive the tenant of the beneficial enjoyment thereof. A tenant may not remain in possession, and, because circumstances exist which would have authorized him to leave, treat the matter as if in reality he had vacated. This is the erroneous theory on which the general term of the city court seem to have proceeded in both of their opinions rendered in this case. It makes no difference whether, if the lessee remains in possession, he may or may not be permitted, when sued for rent, to counter-claim for breach of covenant on the part of the lessor. That question does not arise here. The defendant sets up eviction as a defense, and he could not have raised such defense in the former action, because he continued in possession during the whole of February.

It requires but slight reflection to see what a great practical injustice would result if the position taken by the court below were sustained. The court of appeals have held that the tenant cannot raise the defense of eviction till he vacates. Therefore defendant could not have made such defense in the suit for the February rent. Now the city court say that the tenant shall not plead eviction in the present suit for the March and April rent, because some of the facts on which the constructive eviction is based existed when the former suit was brought. Thus, through what might almost be called technical legerdemain, defendant would be precluded from ever raising or getting the benefits of a most meritorious defense, and be obliged to pay the rent for the full term, though the landlord had violated all the covenants of the lease. What would justify a tenant in vacating his premises as for an eviction depends so much on the terms of the lease, the nature of the covenants, the circumstances under which it was made, the condition of the premises at the time they were hired, who had control of the machinery, the circumstances of the omissions of duty, the nature of the negligence, etc., none of which were fully presented on the trial of this action, because of the erroneous theory on which it was tried, that we deem it premature to discuss that question at this time. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.