### RYAN *v.* JONES.

*(Common Pleas of New York City and County, General Term. December 5, 1892.)*

1. SURRENDER OF LEASED PREMISES—ACCEPTANCE.
   Acceptance by a landlord's agent of the keys of leased premises does not, of itself, constitute an acceptance of the tenant's surrender of the lease.

2. SAME—EVICTION.
   To justify a tenant's abandonment of the demised premises, it is not enough that at some time during the period of his occupancy he was deprived of their beneficial enjoyment by the wrongful act of the landlord, but it should appear that the deprivation was persisted in and continued at the time of abandonment.

**8. SAME—RESTORATION OF ENJOYMENT.**
    Though there was evidence that during the coldest season the landlord did not furnish adequate heat for the premises, as agreed, yet the fact that the tenant did not remove until April 1st, when a warmer season had arrived, requiring less heat to make the premises comfortable, is sufficient to justify a finding that at the time of the tenant's removal the grounds of former complaint had ceased to be relevant, and that the full enjoyment of the demised premises had been restored.

Appeal from ninth district court.

Action by Charles T. Ryan against Edward P. Jones to recover rent. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

*Charles H. Preyer*, for appellant.   *Wm. King Hall*, for respondent.

BISCHOFF, J.   The action was to recover rent accruing April 1, 1892, and the defenses were surrender of the lease by mutual agreement and eviction. The surrender was predicated of an alleged oral agreement with plaintiff's agent, the making of which the latter, however, emphatically denied.   Acceptance of the keys did not, of itself, constitute an acceptance of the surrender of the lease, (*Thomas* v. *Nelson*, 69 N. Y. 118; *Winant* v. *Hines*, 14 Daly, 187; *Spies* v. *Voss*, [Com. Pl. N. Y.] 9 N. Y. Supp. 532;) and a conflict of testimony respecting the alleged agreement does not afford sufficient ground for reversal, if it is not apparent that justice has been perverted, (*Weiss* v. *Strauss*, [Com. Pl. N. Y.] 14 N. Y. Supp. 776.)

On the trial it appeared that the building No. 157 West 119th street, in the city of New York, comprised nine distinct tenements or "flats," so constructed that each was substantially dependent for comfortable inhabitation during the colder season upon a furnace and boiler situated in the cellar, from which steam heat was distributed by conduits to the several tenements, and there diffused by means of "radiators;" and that of the furnace and boiler the landlord had reserved exclusive control.   It further appeared that two of these tenements had been demised to defendant under a written lease, dated October 30, 1891, for the term of one year, commencing November 1, 1891, at the monthly rental of $90, payable in advance; that defendant was restricted in the occupation of the demised premises for the purposes of a private dwelling; and that alterations therein by the tenant were inhibited, except with the written consent of the landlord.   The lease did not in terms bind the landlord to supply any heat whatever, which was required in the use of the tenements.   We may assume, for the purposes of this appeal, as contended by the defendant, that the facts stated constituted the adequate supply of heat by the landlord an integral part of his covenant that during the term demised the tenant may quietly have, hold, and enjoy the premises; and that for the breach of it, whether due to acts of omission or of commission, whereby the tenant is substantially deprived of his right to their beneficial enjoyment, he may abandon the premises, and successfully interpose as a defense to a demand for subsequently accruing rent that he was evicted by the landlord.   *Bank* v. *Newton*, 76 N. Y. 616; *Denison* v. *Ford*, 7 Daly, 384; *Duff* v. *Hart*, (Com. Pl. N. Y.) 16 N. Y. Supp. 163; *Lawrence* v. *Marble Co.*, (Com. Pl. N. Y., Gen. Term; filed Nov. 1892,) 20 N. Y. Supp. 698. But we are, notwithstanding, of the opinion that the defense of eviction was not established.

To justify the tenant's abandonment of the demised premises, it is not enough that at some time during the period of his occupancy he was deprived of their beneficial enjoyment by the wrongful act of the landlord, but it should appear that the deprivation was persisted in and continued at the time of the abandonment, (*Gilhooley* v. *Washington*, 4 N. Y. 217; *Edgerton* v. *Page*, 20 N. Y. 281; *Boreel* v. *Lawton*, 90 N. Y. 293; *Koehler* v. *Scheider*, [Com. Pl. N. Y.] 4 N. Y. Supp. 611;) and hereof the evidence is deficient.   It was conceded that the landlord did supply heat, and the utmost

which may be successfully claimed for the evidence is that it established the fact of the landlord's neglect or refusal to furnish an adequate supply during the colder season preceding defendant's removal. Defendant, however, did not quit possession until April 1st, and from the advent and propinquity of seasons of greater clemency, respecting the need of heat for the comfortable inhabitation of the demised premises, the trial justice was authorized to find that at the time of defendant's alleged motion the grounds of former complaint had ceased to be relevant, and that the full enjoyment of the demised premises had then been restored to him. The exceptions to the rulings on the trial present no error, and the judgment should therefore be affirmed, with costs.