(13 Misc. Rep. 247.)

## ADAMS v. BURR.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. LANDLORD AND TENANT—EVICTION.
    A tenant is not justified in abandoning his premises, where the facts constituting the alleged eviction had ceased for some time before the abandonment.

2. APPEAL—FAILURE TO SPECIFY OBJECTIONS TO EVIDENCE.
    A ruling on an objection to evidence will not be considered, where the ground of the objection is not stated.

Appeal from Eleventh district court.

Action by Luzon J. Adams against Kate S. Burr for rent. Judg-ment in favor of defendant was rendered by the justice without a jury, and plaintiff appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

R. Lyon, for appellant.

Edward Hassett, for respondent.

BISCHOFF, J. To an action for rent the defendant, after plead-ing a general denial, interposed a counterclaim for medical ex-penses incurred by reason of the unhealthy condition of the prem-ises, arising from the landlord's failure to furnish sufficient heat for the apartment in question, which was part of a building heated generally by steam. Upon the trial no damages were proven, and the counterclaim apparently was abandoned, but defendant gave proof, without objection, tending to show a modification of the written lease for a year, upon which the action was brought, and its practical discharge; the defendant, according to the witnesses,

holding thereafter as a tenant from month to month. Evidence was also adduced whereby it was sought to prove an eviction. New issues were thus introduced upon the trial by consent of the parties. Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910. From the record it appears that defendant removed from the premises about the last day of June, 1894, and the rent claimed in this action is that falling due under the lease for the months of July and August. It may be said that the claim of eviction was not sustained by the proof. This claim was founded upon the fact that insufficient heat was furnished the premises by plaintiff during the month of May, and that defendant's comfort was interfered with by the presence of certain disorderly tenants occupying the apartments immediately above her own, which tenants, however, removed from the building six weeks before the defendant's departure. Thus it would appear that the matters constituting the alleged eviction had ceased to afford ground for this tenant's abandonment of the premises for a considerable period prior to the time when the abandonment actually occurred, and hence no justification for it was apparent upon the theory advanced. Ryan v. Jones, 2 Misc. Rep. 65, 20 N. Y. Supp. 842. However, sufficient evidence appears in support of a finding that the lease upon which plaintiff claims was discharged, and that defendant held the premises as tenant from month to month, which tenancy had been terminated prior to the accrual of the rent sued for; therefore the judgment in favor of defendant is to be supported. The exceptions taken by appellant are not relied upon, and our examination of them discloses no prejudice. Moreover, we find that in no instance was the ground of the objection to evidence offered stated, which omission renders the exception valueless for purposes of review, the evidence admitted being intrinsically competent. Stouter v. Railway Co., 127 N. Y. 661, 27 N. E. 805. Judgment affirmed, with costs.