(46 Misc. Rep. 251)

## GOLDSTEIN v. ASEN.

(Supreme Court; Appellate Term. January 17, 1905.)

1. RES JUDICATA—IDENTITY OF ISSUES—JUDGMENT FOR PLAINTIFF.

A judgment in an action for rent, defended on the ground that plaintiff had boarded up certain windows, rendering the property useless to defendant, is not res judicata in a subsequent action by defendant for eviction for the same cause, where the premises were not abandoned by the tenant until after the judgment in the action for rent.

2. LANDLORD AND TENANT—EVICTION—MEASURE OF DAMAGES.

  The measure of damages in an action by a tenant for eviction is the value of the unexpired term of the lease at the time of the eviction, less the rent reserved.

Appeal from City Court of New York, Special Term.

Action by Louis Goldstein against Aron Asen. From an order setting aside a verdict for plaintiff for the sum of $175 and granting a new trial, plaintiff appeals. Affirmed.

In granting the motion to set aside the verdict the learned justice who presided at the trial acted upon the view that the matter was res adjudicata, and for that reason set aside the verdict.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

A. B. Schleimer, for appellant.
Bernstein, Herkimer & Rubenstein, for respondent.

DAVIS, J. The action was brought to recover damages for an eviction from premises 126 Broome Street, New York City. The plaintiff's assignor became the tenant of the basement and ground floor of the premises in question under a lease executed by the defendant for a term of three years from January 13, 1902, at the rate of $1,200 a year, payable in equal monthly payments in advance on the 15th of each month. The premises were to be used as a boarding and livery stable. There were four windows in the stable, through which alone the plaintiff claimed the horses received light and air. On the trial the plaintiff offered evidence to show that on the 15th of March, 1902, in the night, the defendant, or others acting in concert with him, closed these four windows with wooden boards covered with galvanized tin, so that the basement became useless as a stable, and made it necessary for the plaintiff finally to abandon the premises, which he did on May 2, 1902. It thus appears that the eviction, if any, took place on the 2d of May, 1902. The learned justice set aside the verdict and granted the new trial on the ground that the question of this eviction was within the issues presented in a Municipal Court action brought in April, 1902, by this defendant against the plaintiff's assignor for the rent of these premises falling due under the terms of the lease on April 15, 1902. There was a verified answer in that action setting up the fact of the boarding up of the windows by the lessor; but there was no allegation that the lessee had abandoned the premises, the fact being that at the time of the filing of the answer he was still in possession and occupancy of the premises. Judgment in said Municipal Court action was taken by default against the lessee on May 12, 1902. The defense of eviction relied on in the case at bar was not set up in the Municipal Court action, which was brought to recover rent due April 15, 1902. Indeed, it could not have been set up there, for the reason that the eviction did not occur, if at all, until May 2, 1902, when the lessee abandoned the premises. The cause of action set forth in the Municipal Court complaint accrued April 15, 1902. The eviction pleaded in the case at bar did not take place until May 2, 1902. Obviously, then, this eviction could not have been litigated in an ac-

tion for rent due on April 15, 1902. Koehler v. Scheider (Com. Pl.) 4 N. Y. Supp. 611; T. H. E. Co. v. D. L. I. Co., 144 N. Y. 34, 44, 39 N. E. 7. The learned justice was therefore in error in holding that the issue of eviction in the case at bar had been adjudicated in the Municipal Court action and was a bar to plaintiff's recovery here.

But there is a reason apparent on the record which will support the order setting aside the verdict and granting the new trial notwithstanding the error above referred to, and which must lead to the affirmance of that order here. On the question of damages the court charged the jury that the measure of damages is the difference between the rent stipulated in the lease and the rental value of the premises in the condition in which the landlord "put them." He went on to say: "The rental value of the premises mentioned in the lease is $100 per month. That is what the premises were worth at the time the parties entered into the lease. Now, what were the premises worth after the windows had been boarded up? Testimony has been introduced to show that they were worth $75 a month, and the difference would be the amount of damages which the plaintiff's assignor suffered by reason of that act." The rule thus laid down makes the damages depend upon the effect upon the premises of boarding up the windows. Under the authorities that element should not be considered in estimating the plaintiff's damages. The proper rule is laid down in the case of Mack v. Patchin, 42 N. Y. 167, 1 Am. Rep. 506. Under the doctrine of that case the tenant is entitled to recover as damages "the value of the unexpired term of lease at the time of the eviction over, and above the rent reserved by the terms of the lease." There was no evidence adduced at the trial bearing upon the rental value of the unexpired term over and above the rent reserved in the lease, but, on the contrary, the evidence introduced tended to show merely the effect upon the rental value caused by the boarding up of the windows. This evidence was inadmissible upon the question of the measure of plaintiff's damages. Under the circumstances, the defendant was entitled to have the verdict set aside, and a new trial granted.

Order of the City Court is affirmed, with costs and disbursements. All concur.