JACKSON v. PATERNO.

(Supreme Court, Appellate Term. February 19, 1908.)

1. LANDLORD AND TENANT—ENJOYMENT OF PREMISES—HEATING APARTMENT—DUTY OF LANDLORD.

In the absence of an express agreement by the lessor to supply heat to an apartment, his duty to do so may be implied from the covenant of quiet enjoyment, where the means of supplying heat are exclusively under his control.

2. SAME—"EVICTION OF THE TENANT."

An "eviction of the tenant" exists when the landlord in any manner deprives the tenant of the whole or a substantial part of the leased premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 691.

For other definitions, see Words and Phrases, vol. 3, pp. 2518–2521.]

3. SAME—"CONSTRUCTIVE EVICTION."

A "constructive eviction" exists where the physical expulsion of the tenant is not effected, but the acts of the landlord so interfere with the beneficial enjoyment of the premises as to necessitate an abandonment thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 695–700.

For other definitions, see Words and Phrases, vol. 2, p. 1470.]

108 N.Y.S.—68

**4. SAME—"PARTIAL OR TOTAL EVICTION."**

A "total eviction" exists where the tenant is deprived of the whole of the premises leased, and it is "partial" when the tenant is deprived of a substantial part of the premises.

[Ed. Note.—For other definitions, see Words and Phrases, vol.. 3, pp. 2517–2521.]

**5. SAME.**

A tenant of an apartment, the means for heating which are exclusively under the control of the landlord, where there is a failure to furnish adequate heat such as to justify the tenant in abandoning the premises, cannot remain in the possession of the apartment and recover damages from the landlord, in the absence of a specific agreement on the part of the landlord to supply adequate heat.

**6. SAME—BREACH OF LEASE—REMEDY OF TENANT.**

Where a lease of an apartment stipulates that the landlord will furnish an adequate supply of heat, the tenant may recover any damages resulting from a breach of such stipulation.

**7. SAME.**

Where the lease of an apartment is silent as to the supply of heat, but the duty of the landlord to furnish heat is implied, on failure of the landlord to supply adequate heat the tenant may refuse to pay rent and remove from the premises.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Lawrence S. Jackson against Caroline T. Paterno. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

S. Rosenbaum (Peter Lowenfeld, of counsel), for appellant.
Kidder, Melcher & Ayres, for respondent.

SEABURY, J. The defendant leased to the plaintiff a private dwelling apartment for a term of 6½ months by a written lease. The plaintiff seeks in this action to recover damages from the defendant for the failure to adequately heat the apartment from November 15, 1906, to March 1, 1907. The plaintiff paid the rent for the apartment and remained in possession of it up to the date of the trial. There were radiators in the apartment demised, and the supply and regulation of the heat furnished this apartment were exclusively under the control of the defendant. The evidence conclusively proves that during the time referred to several of the rooms in the apartment were uncomfortable by reason of being insufficiently heated, and that repeated demands made upon the defendant to remedy this situation failed to produce any improvement in this respect. The learned justice who tried this case has found as a fact:

"That an inadequate supply of heat was furnished by the landlord, and that the tenant would have been justified in moving out of the premises and claiming a constructive eviction."

The evidence abundantly sustains this finding. The lease, under which the plaintiff held the apartment, contained no provision in reference to supplying the apartment with heat. The learned court below held that an adequate supply of heat constituted an integral part

of the covenant that during the term the tenant may quietly have, hold, and enjoy the premises, and that the failure of the landlord to furnish an adequate supply of heat constituted an actual eviction from a substantial part of the premises demised, and awarded judgment in favor of the plaintiff. This appeal from that judgment presents for decision the question as to whether a tenant of an apartment, the means for heating which are exclusively under the control of the landlord, may remain in possession of the apartment and recover damages from the landlord, when the failure to furnish adequate heat was such as to have justified the tenant in abandoning the premises. This question resolves itself, as the trial justice clearly appreciated, into the question whether the failure to supply adequate heat, under the circumstances stated, constitutes an actual partial eviction of the premises demised.

There are many cases which uphold the right of a tenant in possession to maintain an independent cause of action against the landlord, or to counterclaim, in an action which the landlord brings against him, for damages for the failure to supply heat, when there is some specific covenant in the lease, other than the mere covenant of quiet enjoyment which obligates the landlord to supply heat. Elwood v. Forkel, 35 Hun, 202; Myers v. Burns, 35 N. Y. 269; Cook v. Soule, 56 N. Y. 420; Walker v. Shoemaker, 4 Hun, 579; Borchardt v. Parker (App. Term, Feb. 1908) 108 N. Y. Supp. 585. The right of the tenant in all these cases is based upon the special covenant or agreement on the part of the landlord, which is contained in the lease. These cases rest upon a different foundation from that of the case now under consideration, and furnish no guide in the decision of this case. In the absence of any express agreement on the part of the lessor to supply heat, his duty to furnish adequate heat may be implied from the covenant of quiet enjoyment, when the means of supplying heat to an apartment in an apartment house are exclusively under the control of the landlord. Ryan v. Jones, 2 Misc. Rep. 65, 20 N. Y. Supp. 842; Gale v. Heckman, 16 Misc. Rep. 376, 38 N. Y. Supp. 85; Lawrence v. Mycenian Marble Co., 1 Misc. Rep. 105, 20 N. Y. Supp. 698; Tallman v. Murphy, 120 N. Y. 345;[1] West Side Bank v. Newton, 76 N. Y. 616; Duff v. Hart (Com. Pl.) 16 N. Y. Supp. 163. This duty of the lessor, in these cases, arises solely by implication from the covenant that the tenant may quietly have, hold, and enjoy the premises. Although the lease, under which the plaintiff as tenant held the premises, contains no express covenant of quiet enjoyment, the law implies such a covenant, and the lease is to be given the same effect that it would be given if such a covenant were expressly contained therein. Duff v. Hart (Com. Pl.) 16 N. Y. Supp. 163. By virtue of this implied covenant the defendant, as landlord, was under a duty of supplying adequate heat to the plaintiff's apartment, when the weather conditions made such heat necessary to the comfortable habitation and enjoyment of the apartment demised. It is well settled, as was said in Boreel v. Lawton, 90 N. Y. 297, 43 Am. Rep. 170, that:

"The general rule is that eviction is necessary to constitute a breach of this covenant."

[1] 24 N. E. 716.

·    Or as was said in Whitbeck v. Cook, 15 Johns. 490, 8 Am. Dec. 272:

"The covenant for quiet enjoyment extends to the possession, and not to the title, and is broken only by an entry and expulsion from, or some actual disturbance of, the possession."

That such an expulsion may occur by virtue of a constructive rather than an actual eviction has been settled in this state since 1826, when the leading case of Dyett v. Pendleton, 8 Cow. 728, was decided. Edgerton v. Page, 20 N. Y. 281; Vermilyea v. Austin, 2 E. D. Smith, 203; Christopher v. Austin, 11 N. Y. 216. As the duty of the lessor in this case to furnish heat arose solely by implication from the covenant of quiet enjoyment, and as that covenant can be broken only by an eviction, it is necessary for us to inquire whether or not there was an eviction. It has been said that the word "eviction" has been "borrowed from the feudal law" and is "often misleading when adopted into ·our modern systems of conveyancing and of actions." Kramer v. Carter, 136 Mass. 504, 507. Its early legal significance was much more limited than is the meaning of the term in our modern law. An eviction, as we understand the term in its modern significance, exists when the landlord, paramount title, or process of law deprives the tenant of the whole or a substantial part of the premises demised. It may be actual or constructive. An actual eviction exists where the physical expulsion of the tenant is effected. A constructive eviction exists where the physical expulsion of the tenant is not effected, but the acts of the landlord, paramount title, or process of law, so interfere with the beneficial enjoyment of the premises demised as to necessitate the abandonment of the premises. An eviction may also be "total" or "partial." It is total when the tenant is deprived of the whole of the premises demised, and it is partial when the tenant is deprived of a substantial part of the premises demised.

Applying these definitions to the facts of the case now under consideration, we are constrained to hold that there was neither an actual partial eviction, nor a constructive eviction, of the tenant. There was no actual partial eviction, because in no proper sense can it be said that the tenant was physically expelled from a substantial part of the premises demised. There was no constructive eviction, because there was not an abandonment of the premises by the tenant. The failure of the landlord to supply adequate heat, under the conditions existing in this case, would undoubtedly have constituted a constructive eviction if the tenant had abandoned the premises. Such constructive eviction would have enabled the tenant successfully to defend an action for rent, or for use and occupancy; but the tenant cannot remain in possession of the premises, and enjoy even the inadequate supply of heat that was furnished, and claim either an actual partial eviction, or a constructive eviction. It cannot be said that, because a tenant was not furnished with as many degrees of heat as his landlord was under a duty to supply, the tenant has been physically expelled from a substantial part of the premises demised, where he has not abandoned the premises. So far as we have been able to discover, it has never been held that the failure to supply adequate heat constituted an actual partial eviction.

There are many cases which establish beyond all question that the failure to supply adequate heat may constitute a constructive eviction. In Tallman v. Murphy, 120 N. Y. 345, 352, 24 N. E. 716, 718, cited in the opinion of the learned trial justice, the court said:

> "The heating of the apartments, the supply of water, all sanitary arrangements, and many other things essential to the proper enjoyment of the apartments in the building by the tenants thereof, are regulated and controlled by the landlord, and he owes a duty to the tenant to see that all such matters and appliances are kept in proper order, and, if he persistently neglects them, and by reason of such neglect the tenant is deprived of heat or water, or his apartments are filled with gas or foul odors from the same, and the apartments become unfit for occupancy, the tenant is deprived of the beneficial enjoyment thereof, and the consideration for which he agrees to pay rent fails, and there is a constructive eviction."

The following cases also make it clear that the courts have consistently held that the failure to supply adequate heat may constitute, not an actual partial eviction, but a constructive eviction: Ryan v. Jones, 2 Misc. Rep. 65, 20 N. Y. Supp. 842; O'Gorman v. Harby, 18 Misc. Rep. 228, 41 N. Y. Supp. 521; Lawrence v. Burrell, 17 Abb. N. C. 312; Butler v. Newhouse (Sup.) 85 N. Y. Supp. 373; Koehler v. Scheider (Com. Pl.) 4 N. Y. Supp. 611; Thomas v. Nelson, 69 N. Y. 118, 121. As the tenant retained the possession of the premises, it is clear that there was not a constructive eviction in this case. "We know of no case sustaining the doctrine," said Andrews, C. J., in Boreel v. Lawton, 90 N. Y. 297, 43 Am. Rep. 170, "that there can be a constructive eviction, without a surrender of the premises."

The trial justice, in his opinion, cited the case of Hall v. Irvin, 78 App. Div. 107, 79 N. Y. Supp. 614, as sustaining his view that there was an actual partial eviction. We do not think that case can be said to be an authority in favor of that proposition. Hall v. Irvin, supra, is a case not easily classified. The facts of that case seem to show that there was not a physical expulsion of the tenant and that the tenant remained in possession of the premises demised. In that case the court held that the acts complained of constituted an eviction. The opinion of the court refrained from intimating whether the eviction was actual or constructive, although, in the syllabus of the case, the acts complained of are declared to have "amounted to a constructive eviction." Seigel v. Neary, 38 Misc. Rep. 297, 77 N. Y. Supp. 854, also cited in the opinion of the trial justice, was a case where the doorway of a liquor store demised "was boarded up and closed by the landlord," and such acts of physical expulsion were held to constitute an actual partial eviction.

A specific agreement in the lease on the part of the landlord to supply adequate heat would have enabled the plaintiff to recover any damages which resulted to him by reason of any breach of this duty on the part of the landlord, although there was no eviction, or even under the existing lease, when the landlord failed to supply adequate heat, the tenant need not have paid rent, and could have removed from the premises. The evidence offered as to the damage which the plaintiff claims he sustained was not, as the learned trial justice remark-

ed, "of as satisfactory a nature as might have been offered"; but we prefer to rest our judgment upon the grounds already stated.

The judgment appealed from is reversed, and a new trial ordered with costs to appellant to abide the event. All concur.