(61 Misc. Rep. 87.)

## GRAHAM v. GRAPE CAPSULE CO.

(Supreme Court, Appellate Term. November 30, 1908.)

LANDLORD AND TENANT (§ 233*)—EVICTION — BREACH OF AGREEMENTS—QUESTION FOR JURY.

Where a lease for office and salesroom of premises fitted up with heating apparatus contained the usual covenant of quiet enjoyment, and bound the lessor to repair the apparatus in case of accident to it, the question whether the lessor impliedly agreed to heat the premises, so that his failure to do so was an eviction, was for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 233.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Chauncey B. Graham against the Grape Capsule Company. From a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Kilroe & Swarts, for appellant.
Wells & Snedeker, for respondent.

MacLEAN, J. The plaintiff claimed for rent for five months, alleged to be due and unpaid, under a lease of premises to be used and occupied as an office and salesroom, and for no other purpose. The defendant admitted the lease and nonpayment, but defended on the ground of eviction, having moved out through failure of the plaintiff to furnish adequate heat. The lease contains no express covenant to heat the premises, but it does contain the usual covenant of quiet enjoyment. The lease also contains the agreement that the lessor, in case of accident to the heating apparatus, shall repair the same with all convenient speed, and shall not be liable for damage by reason of any necessary delay. The evidence discloses that there were radiators and steam fittings in the office and no other means of heating the premises. There was therefore from the lease and the evidence sufficient to imply an agreement to heat on the part of the landlord and undisputed evidence of inadequacy of heat, sufficient to go to the jury upon the question of constructive eviction. Jackson v. Paterno, 58 Misc. Rep. 201, 108 N. Y. Supp. 1073. The direction of a verdict in favor of the plaintiff was therefore improper. The judgment must be reversed, and the cause sent back for a new trial.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.