## FISCHMAN et al. v. MAYHEW.

(Supreme Court, Appellate Term.   June 25, 1909.)

JUDGMENT (§ 739*) — RES JUDICATA — MATTERS THAT COULD NOT HAVE BEEN LITIGATED.

As there can be no constructive eviction without an abandonment of possession, the question of eviction could not be litigated in an action for rent due before an abandonment, which, however, occurred before the trial; and hence, in a subsequent action for rent for the remainder of the term, the judgment in the former action did not bar evidence of the eviction as a defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1267; Dec. Dig. § 739.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by William Fischman and another against Edward Mayhew. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Salter & Steinkamp, for appellant.
Strasbourger, Eschwege & Schallek, for respondents.

MacLEAN, J.   On or about February 13, 1907, the plaintiffs herein began an action against this defendant to recover rent for the month of February of that year, under a lease providing for the payment of rent in advance on the 1st day of each and every month. On the 29th day of November following, judgment therefor, with costs, was rendered by default against this defendant, and that judgment the defendant paid. On December 11, 1907, the plaintiffs brought the present action to recover rent for the remainder of the term of said lease. Issue was joined; the defendant, among other things, interposing the defense of eviction. At the trial, the trial justice refused to permit him to offer any evidence thereof, holding that the judgment in the former action was a bar.

It is undisputed that the defendant abandoned possession of the premises on February 2, 1907, and not before; and, as "there can be no constructive eviction without abandonment of possession" (Boreel v. Lawton, 90 N. Y. 293, 297, 43 Am. Rep. 170), the defendant could not have litigated the question of eviction in the former action for rent that had become due and payable prior to his abandonment of the possession, because eviction had not at that time been complete (Koehler v. Scheider [Com. Pl.] 4 N. Y. Supp. 611; Goldstein v. Asen, 46 Misc. Rep. 251, 91 N. Y. Supp. 783). The exclusion of evidence of eviction herein was therefore error, and the judgment entered upon the direction of a verdict in favor of the plaintiffs must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes