MERIDA REALTY CO. v. COFFIN.

(Supreme Court, Appellate Term. May 24, 1910.)

1. LANDLORD AND TENANT (§ 172*)—EVICTION—GROUNDS—DEPRIVATION OF HEAT.

Where an apartment lease bound the landlord to supply steam to heat the apartment during the usual time and seasons, a failure to provide heat as agreed, so that the apartment was not comfortably habitable, was sufficient to constitute a constructive eviction, in case the tenant promptly abandoned the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 172.*]

2. LANDLORD AND TENANT (§ 172*)—DEPRIVATION OF HEAT—EVICTION.

Where a landlord leased an apartment and agreed to furnish heat, but at the tenant's request three of the radiators were removed, and in November, on the tenant complaining of lack of heat, the landlord requested permission to restore them, which the tenant refused, and also refused to permit the installation of larger radiators, the landlord's failure to provide sufficient heat was not a constructive eviction, in the absence of proof that what the landlord proposed would have been futile.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 172.*]

3. LANDLORD AND TENANT (§ 172*)—EVICTION—TEMPORARY INCONVENIENCE.

Temporary inconvenience to a tenant by the landlord's failure to provide sufficient heat in accordance with the lease does not constitute a constructive eviction, which arises only through the landlord's persistent neglect.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 172.*]

4. LANDLORD AND TENANT (§ 171*)—EVICTION—ABANDONMENT.

Where a tenant, claiming a constructive eviction because of the landlord's failure to provide sufficient heat, removed his family to a hotel, leaving his household effects and two maids in the apartment, and later paid the rent for the following month, but did not show when he re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

moved his furniture and personal effects, if at all, there was no sufficient abandonment to constitute an eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 693; Dec. Dig. § 171.*]

5. LANDLORD AND TENANT (§ 178*)—CONSTRUCTIVE EVICTION—WAIVER.

Where a landlord failed to furnish sufficient heat for the rented apartment in December, 1909, and the tenant removed his family to a hotel, but paid the rent for January, 1910, with knowledge of the conditions and of his rights, he waived his right to abandon the premises because of the alleged eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 713; Dec. Dig. § 178.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Merida Realty Company against Tristram R. Coffin. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Eisman, Levy, Corn & Lewine (Joseph J. Corn and J. Lester Lewine, of counsel), for appellant.

Wagner & Garrison (Edward C. Wagner and Charles C. Haldane, of counsel), for respondent.

PAGE, J. This action was brought to recover the rent for the month of February, 1909, of an apartment in premises 981 Park avenue, borough of Manhattan, leased by the plaintiff, as landlord, to the defendant, as tenant, for a term of two years from October 1, 1909, at a yearly rental of $2,100, payable in equal monthly payments in advance on the 1st day of each month. The lease contained an agreement whereby the landlord agreed to "supply steam to heat the said apartment during the usual time and seasons." The tenant defends on the ground of constructive eviction from a failure to supply sufficient heat.

It appears that, when the tenant moved in, three of the radiators were removed at his request. During November the tenant complained of the lack of heat, and the landlord requested permission to restore the three radiators. The tenant allowed him to restore two, as the third one had been removed from the defendant's bedroom, which was substantially isolated from the other parts of the apartment. This radiator would have little or no effect upon the other rooms, and defendant disclaims any claim for lack of heat in this bedroom. The apartment continued to be insufficiently heated, however, and the landlord offered to replace the 7-coil with 12-coil radiators; but the tenant refused to allow this to be done, "because they would take up too much wall space." It was shown that the heat remained insufficient, and, two of the tenant's children being ill, a physician advised defendant to move. On December 31st the defendant removed his family to a hotel, leaving his household effects and two maids in the apartment. Testimony was given which showed that on January 4th and 5th the apartment was so cold as not to be comfortably habitable. On the 5th of

January the defendant sent his check for the January rent, and his maids left the apartment on the 6th. There was no evidence given tending to show when, if at all, the defendant moved his furniture.

The learned trial judge gave judgment for the defendant. While ordinarily such a deprivation of heat as was shown in this case would be sufficient to constitute constructive eviction if the tenant promptly abandoned the premises (Jackson v. Paterno, 58 Misc. Rep. 201, 108 N. Y. Supp. 1073, and cases there cited), there are three considerations that render an affirmance of the judgment, on the record, impossible.

First, the refusal of the tenant to allow the landlord to install larger radiators. The landlord has a right to a reasonable opportunity to rectify a defect in the heating apparatus, when notified of the deficiency, and in case of a prompt compliance no eviction can be predicated upon the temporary inconvenience of the tenant. O'Gorman v. Harby, 18 Misc. Rep. 228–230, 41 N. Y. Supp. 521. The eviction arises through the persistent neglect of the landlord. Tallman v. Murphy, 120 N. Y. 345, 352, 24 N. E. 716. When, as in this case, the landlord promptly offers to take steps to obviate the difficulty, and the tenant prevents, in the absence of evidence that what the landlord proposed would be futile, we do not feel that we should hold that the tenant was relieved from his obligations under the lease.

Passing this point for the present, second, the abandonment of the premises was not sufficiently proved. In the case of constructive eviction, the abandonment must be complete. It therefore became important for the tenant to show when he removed his furniture from the apartment. The record does not disclose that the furniture has been removed at all. The answer admits that the defendant used said apartment during the month of January, 1910, as a place wherein to store his furniture, and paid to plaintiff the rent for the month of January. The mere withdrawal of the family, leaving the furniture, was more consonant with an intention to return after a temporary absence, than an intention to finally and completely abandon possession under the lease.

Third, the payment of the January rent on January 5th, with full knowledge of the conditions and his rights, must be held to be an admission on the part of the defendant that he was bound by his written lease during the month of January, which would constitute a waiver of the right to abandon because of the alleged eviction. No facts appear on the record upon which he can claim an eviction subsequent thereto. Ryan v. Jones, 2 Misc. Rep. 65, 20 N. Y. Supp. 842.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.