Ashton Holding Company, Respondent, v. Elias Ross, Appellant.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Summary proceedings — institution of, for nonpayment of rent — eviction — landlord and tenant — meaning of " resume possession " — lease.

> Where a tenant is in possession of the premises at the institution of summary proceedings against him for nonpayment of rent, the issuance of a dispossess warrant is not *res adjudicata* upon the question of constructive eviction, as the tenant could not avail himself of such defense.

> In an action for rent the defense of constructive eviction is waived where defendant remains in actual possession of the premises until actually evicted by summary proceedings.

> Where a tenant is evicted by summary proceedings, the words " resume possession," in a provision of the lease that the landlord may resume possession and relet the premises for the balance of the term for account of the tenant who shall make good any deficiency, having no restricted technical meaning, will be construed as including all lawful means of retaking possession of the premises.

Appeal by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, eighth district, in favor of plaintiff.

Theodore Arnold, for appellant.

Morrison & Schiff (Jacob R. Schiff, of counsel), for respondent.

Guy, J.   The lease between the plaintiff as landlord and defendant as tenant provides: " That in case of default in any of the covenants, the landlord may

resume possession of the premises, and relet the same for the remainder of the term, at the best rent that he can obtain for account of the tenant, who shall make good any deficiency, and any notice, in writing, of intention to re-enter, as provided for in the third section of an act entitled 'An Act to Abolish Distress for Rent, and for other purposes ' passed May 13, 1846, is expressly waived.''

The plaintiff was evicted by warrant issued January 26, 1916, for non-payment of rent due January 15, 1916, for the month ending February 14, 1916, and this action is brought to recover damages for breach of said covenant in failing to pay rent due for the months of March and April, 1916, the plaintiff having been unable to rent the premises after '' resuming possession.''

The defense set up in the answer is constructive eviction by reason of the landlord's failure to furnish proper and sufficient heat during the time the defendant was in actual possession of the premises. The trial court held that plaintiff was precluded from seting up said defense, struck out the defense, and directed judgment in favor of plaintiff.

While defendant-appellant's contention is well founded that the issuance of the dispossess warrant was not *res adjudicata* on the question of constructive eviction, because the tenant being still in possession at the time of the institution of the summary proceeding could not avail himself of such defense (*Koehler* v. *Scheider,* 15 Daly, 198; 4 N. Y. Supp. 611), the question still arises whether defendant can now avail himself of such defense of constructive eviction in this action brought to recover damages for breach of covenant occurring after the relationship of landlord and tenant had been terminated by the issuance of the war-

rant; in other words, whether the right to plead a constructive eviction can, under such circumstances, survive the termination of the relationship of landlord and tenant. I am of the opinion that the learned trial justice properly held that the right to so plead did not survive the termination of the relationship. By remaining in possession until actual eviction by summary proceeding, the tenant waived the right to plead constructive eviction.

It is contended by the defendant-appellant that the sixth clause of the lease has no applicability in case of eviction by summary proceeding, citing in support of this proposition *Michaels* v. *Fishel*, 169 Y. N. 381, where the court held that the word " re-enter " having a restricted common-law meaning, could not be construed nor in its legal sense extended so as to include eviction by summary proceeding. The authority cited has not in my opinion any applicability to the case at bar. The words " resume possession " have no such restricted legal meaning as the word " re-enter." They must be construed as including all lawful means of retaking possession of the demised premises. The case of *Lewis* v. *Stafford*, 24 Misc. Rep. 717, involved a construction of the identical clause to be construed herein, and the learned court, in affirming a judgment in favor of the landlord, said: " It appears from the testimony that the tenant did make default, and that the landlord did resume possession of the premises and tried to re-let the same at the best rent he could obtain. The only purposes of this stipulation must have been to take the contract out of the statute and preserve the rights of the landlord. This, in our opinion, was the legal effect of the clause above quoted." See, also, *Baylies* v. *Ingram*, 84 App. Div. 360; affd., without opinion, 181 N. Y. 518.

In *Anzolone* v. *Paskusz*, 96 App. Div. 192, where the lease provided that the landlord "may re-enter same by force or otherwise" and relet the same as agent of the tenant, it was held that the right to recover damages for breach survived the termination of the relationship by summary proceeding. See, also, *Fleisher* v. *Friob*, 97 Misc. Rep. 343.

The words "resume possession" having no restricted technical meaning, the intent of the parties to the contract must be gathered from the ordinary significance of the language, namely, the retaking of possession by all lawful means. The words "by force or otherwise" could add nothing to the significance of the language used.

The judgment must, therefore, be affirmed, with twenty-five dollars costs.

BIJUR and MULLAN, JJ., concur.

Judgment affirmed, with costs.