37 RIVERSIDE DRIVE, INC., Plaintiff, *v.* CHARLES L. WAGNER, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 11, 1934.

*M. S. & I. S. Isaacs* [*Lewis M. Isaacs, Jr.*, of counsel], for the plaintiff.

*Kurz & Kurz*, for the defendant.

McMAHON, J. After summary proceedings had been instituted by the landlord, plaintiff herein, for non-payment of rent for the month of March, 1934, and after time to answer therein had expired, the tenant, defendant herein, vacated the said premises. No warrant was ever issued in the summary proceedings but the voluntary relinquishment by the tenant under the circumstances

terminated the lease and effected the same legal result as if a warrant had been issued. (*Cornwell* v. *Sanford*, 222 N. Y. 248.)

This action is now brought by the landlord to recover deficiency of rent for the subsequent month of April, 1934, pursuant to the terms of the lease and an alleged extension agreement attached to the moving papers under stipulation between the parties, together with fifteen dollars attorney's fees.

The defenses to this action, as modified by the said stipulation, are: Constructive eviction for failure to furnish adequate heat, and a contention by the defendant that the right of the landlord to assert the claim made in its complaint, and the liability of defendant therefor, did not survive the term of the original lease which expired September 30, 1933.

It is alleged that in January, 1933, before the original lease had expired, the parties entered into a written agreement for a reduction of the rent and an extension of the term of the lease from October 1, 1933, to September 30, 1935. This extension agreement contained the usual provision that " Except as herein expressly modified, all the terms, covenants and conditions of said lease shall continue in full force and effect."

It was unquestionably the intention of the parties, when this agreement was made, to effect by this agreement not only an extension of the term of the lease, but to continue all of the other " terms, covenants and conditions " thereof except as modified by the agreement, for the extended period. This was accomplished by the agreement and included the rights and liabilities set forth in paragraph seventh of the lease relating to the claim for deficiency in the event of default by the tenant. Defendant's contention that these rights and liabilities were not extended is rejected and the defense predicated thereon is dismissed.

With regard to the defense of constructive eviction, the answer is that actual eviction had been accomplished, under the decisions, by the removal of the tenant from the premises after the summary proceedings had been instituted in March and before the final order and warrant had been issued. Under the circumstances the defense of constructive eviction is not available to the tenant in this action to recover for deficiency under the provisions of the lease. This is not because of the principle of res *adjudicata* resulting from the summary proceedings, but because of the rule that constructive eviction can only be asserted as a defense when the tenant has abandoned the premises before the institution of summary proceedings. If the tenant remains in possession until actual eviction results either from the issuance of a warrant, or by voluntary removal after summary proceedings have been commenced and

before the warrant is issued, he cannot thereafter assert the defense of constructive eviction in an action for deficiency under the terms of the lease. (*Ashton Holding Co.* v. *Ross*, 98 Misc. 586.)

Plaintiff's motion for judgment is granted in accordance with the complaint and stipulation, for $175, and $15 attorney's fees.

Let judgment be entered accordingly.