OPINION OF THE COURT
Herbert Kramer, J.
Petitioner’s motion to vacate and set aside the written stipulation of January 19, 1982 is denied.
In the stipulation the landlord agreed to supply heat and hot water to the commercial tenant, although no such term had been inserted into the lease. The landlord asserts that he signed the stipulation without realizing that, under the terms of the lease, he was not required to supply heat and hot water. He therefore seeks to be relieved of such obligation.
Even had the landlord not entered into any stipulation, he would have been obligated to provide heat and hot water. In a lease agreement, whether commercial or residential, where there is no express covenant by the landlord to furnish heat, and where the entire building is heated from a central plant which is within the landlord’s exclusive control, as averred here, the covenant of quiet enjoyment will carry with it an implied obligation to furnish heat. (Rasch, New York Landlord and Tenant — Summary Proceedings [2d ed], § 152, citing Berlinger v MacDonald, 149 App Div 5, and Jackson v Paterno, 58 Misc 201.)
Thus, landlord’s misapprehension regarding the existence of a lease term is of no consequence, as his obligation to supply heat is imposed by law.
*634 The mere fact that the radiator in the premises is disconnected is not sufficient to relieve the landlord of his obligation to provide heat, and this court so holds.
Motion denied.