THE COMMERCIAL BANK OF ROCHESTER *vs.* THE CITY OF ROCHESTER.

In an action to recover back money paid on compulsion, or by duress of goods, the complaint should state the facts, and not a mere conclusion of law. The court must be able to see, from the facts stated, that the payment was in fact compulsory and compelled by duress of the party's goods. It is not sufficient simply to allege, in a general way, that the payment was compulsory, and not voluntary.

APPEAL from an order made at a special term, overruling a demurrer to the complaint.

*T. R. Strong,* for the appellant.

*G. W. Miller,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. The question presented upon this appeal is purely one of pleading. The law is well settled that money paid voluntarily upon a doubtful claim, in settlement or compromise of it cannot be recovered. It is equally well settled that money extorted by a duress of the person or of personal property is recoverable if it was not justly due. In *Harmony* v. *Bingham,* (2 *Kern.* 116,) Justice Ruggles states the rule as follows : " When a party is compelled by duress of his person or goods to pay money for which he is not liable, it is not voluntary but compulsory." In such case, he says, the party constrained by such duress " may pay the money, relying upon his legal remedy to get it back again." The question is whether the plaintiffs state a case in their complaint which brings them within this rule in respect to compulsory payments. The allegation or complaint is that the plaintiff was compelled to and did pay under protest and by compulsion and not voluntarily, to the said defendant, the said sum of $6194.07. It seems to me that this is not a sufficient statement to make out a case of duress of goods, or such a compulsory payment as the rule above stated requires, to allow a recovery of the money paid. It states a mere conclusion of law, not the facts. The court must see from the facts stated, in such a case, that the payment was in fact compulsory and compelled by duress of the goods of the party making the payment. Whether the payment is compulsory in such a sense as brings the party within the rule of law applicable to such cases, is a question of law for the court, upon stated or conceded facts. The court may differ with the plaintiff in respect to what constitutes a compulsory payment. In the case of *Harmony* v. *Bingham,* (*supra,*) the defendant had possession of the plaintiff's goods and refused to deliver them until the disputed and illegal charge was paid. The payment was then made to get possession of the goods. This the court held was a proper case of duress of goods, and a recovery back of the money paid was sustained. In the case of *Astly* v. *Reynolds,* (2 *Strange,*

915,) which is a leading case on the subject, the defendant had possession of the plaintiff's goods upon a pledge or as security for £20 and a demand of £10 for interest. The plaintiff paid £10 to get possession of his goods, and it was held he was entitled to recover the money so paid. In all the cases where discovery has been had the facts showing the duress of the goods is stated. It cannot be sufficient, I think, simply to allege, as is done here, in a general way, that the payment was compulsory and not voluntary. Aside from this question I do not see why the plaintiff is not entitled to recover the amount of the tax for which the action is brought. The plaintiff may amend the complaint and make out a proper case, and judgment should be given for the reversal of the order of the special term, overruling the demurrer, and the same should be sustained, with leave to the plaintiff to amend on payment of the costs of the demurrer.

[Monroe General Term, December 7, 1863. *E. Darwin Smith, Johnson* and *Welles,* Justices.)