(8 App. Div. 54)

### LANSING et al. v. THOMPSON.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

1. LANDLORD AND TENANT—ACTION FOR RENT—PLEADING.
   An answer, in an action for rent, which alleges that the premises became untenantable in consequence of the bursting of the water and sewer pipes, without any fault on the part of defendant, and that plaintiff (lessor) neglected to repair the same, though requested by defendant, is insufficient to show a defense, without an allegation that plaintiffs had covenanted in the lease to make repairs.

2. SAME—DESTRUCTION OF OR INJURY TO PREMISES.
   Laws 1860, c. 345, relieving a tenant from payment of rent where the premises are destroyed, or so injured as to be untenantable, applies only to a destruction or injury resulting from sudden and unexpected action of the elements, or other cause, and not to gradual decay.

3. SAME—ABANDONMENT BY TENANT.
   Laws 1860, c. 345, relieving a tenant from payment of rent where the premises are destroyed, or so injured as to be untenantable, does not apply unless the tenant moved out, and surrendered possession of the premises.

4. CONTRACTS—ACTIONS ON—AVERMENT OF CONSIDERATION.
   The answer in an action for rent alleged that the premises became untenantable, and that thereafter plaintiffs promised defendant that if he would continue to occupy the premises they would pay him $200 a month until the premises should be repaired, and that defendant remained on the premises under such agreement about four months, for which plaintiffs became indebted to defendant in the sum of $600, which defendant set up as a counterclaim. *Held*, that the answer did not state a legal consideration for such promise

Appeal from special term, Albany county.

Action by J. Townsend Lansing, as trustee under the will of Charles D. Lansing, deceased, and James R. Turner, against William Thompson, to recover rent. From a judgment entered on an order sustaining a demurrer to the amended answer defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Claude B. Mayham, for appellant.

John Dewitt Peltz, for respondents.

PUTNAM, J. This action was brought to recover a quarter's rent, claimed to be due on the 1st of February, 1895, on a lease executed by the plaintiffs to the defendant, by which they rented the premises therein described for the period of three years from the 1st day of May, 1893. A demurrer was interposed to the several defenses set up in the answer, and sustained by the court below. The defendant, in the answer, admitted the execution of the lease. In the second, third, fourth, and fifth subdivisions thereof he alleged, in substance, that the premises,—an hotel in the city of Albany,—before the quarter's rent sought to be recovered was payable, became unten-

antable in consequence of the water supply of the hotel failing, and the water and sewer pipes bursting, without any fault on the part of the defendant; and that the defendant was thereby deprived of water for the use of the kitchen, barroom, and water-closets; that he requested the plaintiffs to repair the same, but the latter neglected to do so, and that thus the defendant was deprived of the beneficial enjoyment of said premises, and they became untenantable; that his liability to pay rent thereupon ceased, and he suffered damages to the amount of $1,000, which he set up as a counterclaim. I think the court below was right in sustaining the demurrer to the portions of the answer above referred to, whether considered as one defense or as separate defenses. There was no allegation of any covenant on the part of the landlords in the lease to make repairs, and, in the absence of such an agreement, there was no liability on their part because the demised premises became out of repair. Again, the allegations in the answer do not show such a state of facts as relieved the tenant from the payment of rent under the provisions of chapter 345 of the Laws of 1860. It was held in Suydam v. Jackson, 54 N. Y. 450, that:

"The provisions of the act in reference to the rights and liabilities of lessors and lessees (chapter 345, Laws 1860), relieving a tenant from the payment of rent of a building which, without fault or negligence on his part, shall have been destroyed or so injured by the elements or other cause as to be untenantable, have reference to a destruction or injury resulting from sudden and unexpected action of the elements or other cause, and not to the gradual deterioration and decay produced by the ordinary action of the elements."

The answer does not show that the bursting of the pipes therein referred to was not due to gradual decay, or aver that such bursting was to be attributed to any sudden or unexpected action of the elements.

Again, it has been determined that if demised premises become untenantable, a tenant who desires to avail himself of the act of 1860 must move out of and surrender the possession of such premises. He cannot retain possession and at the same time refuse to pay the rent. Johnson v. Oppenheim, 55 N. Y. 280. In those portions of the answer referred to there was no allegation that the defendant had quit and surrendered the possession of the hotel in consequence of the premises being untenantable. The defendant, in the sixth paragraph of his answer, sets up a separate defense. He avers:

"That after the demised premises had become untenantable as aforesaid, and after the defendant had notified the plaintiffs of the condition of the same, and informed them that he could not occupy them by reason thereof, the plaintiffs offered and promised to pay the defendant at the rate of two hundred dollars per month for each and every month that he would remain in and upon the same until repaired or let to another tenant, and the defendant remained in and upon said premises under such agreement about four months, for which the plaintiffs became indebted to the defendant in the sum of six hundred dollars, which the defendant sets up by way of counterclaim against the claim of the plaintiffs in this action."

The defendant thus sets up as a counterclaim a new contract alleged to have been made with the plaintiffs after the premises became untenantable, under which he claims that the plaintiffs became indebted to him in the sum of $600. It is clear that, ordinarily, the

promise of a landlord to his tenant to pay him for remaining in the demised premises would be without consideration and void. The question arises whether any sufficient consideration was stated in the defendant's answer to sustain the alleged promise of the plaintiffs. It is held that where a consideration is not implied it is the very gist of an action founded on contract, and must be specially averred. 1 Rum. Prac. 316, and cases cited. The answer, we think, fails to state a legal consideration for the alleged promise of the plaintiff. It sets forth that, "after the premises became untenantable as aforesaid," thus referring to the previous allegations in the pleading in regard to the condition of the hotel. Referring to those allegations we find it stated:

"That after the making of said lease, and during the months of November and December, 1894, and the month of January, 1895, the water supply of said hotel, which was a necessary appurtenant to the same, failed, and the water pipes and sewer pipes burst, all of which occurred without any fault of the defendant, and the defendant was deprived of the water for the use of his kitchen, closets, and barroom, and the water-closets connected with such hotel were rendered useless. And the house, for the reason of such failure, * * * became and was untenantable and unfit for use as an hotel by the defendant."

The defendant's occupation of the demised premises commenced on May 1, 1893, and the alleged failure of the supply of water is stated to have occurred in November, 1894,—18 months afterwards. The pleading does not state whether the failure of the water was caused by the gradual deterioration or decay of the water pipes or by some sudden and unexpected accident or action of the elements. In the absence of an averment in the portion of the answer under consideration, or in the other portions of the answer referred to therein, that the failure of water was caused by some sudden and unexpected accident or action of the elements, and not by gradual deterioration or decay of the pipes, the pleading fails to set forth facts showing that at the time of the alleged promise of the plaintiffs the defendant was authorized to quit and surrender the demised premises under the provisions of chapter 345 of the Laws of 1860, and hence fails to allege any sufficient consideration for the promise of the plaintiffs to pay the defendant $200 a month for remaining in the hotel. Premises may become untenantable in consequence of gradual deterioration or decay. Suydam v. Jackson, supra. In such cases the tenant is not freed from the obligation to pay rent. The defendant should have stated in his pleading the facts showing his right to vacate the premises, and hence that there was a valid consideration for the promise of the plaintiff to pay him $200 per month for remaining in them. The allegation that the premises became untenantable "without any fault of the defendant" does not avail him. It is an averment of a mere conclusion of law. Commercial Bank of Rochester v. City of Rochester, 41 Barb. 341, 41 N. Y. 619; Van Schaick v. Winne, 16 Barb. 89. We conclude that the court below properly sustained the demurrer to the sixth clause of the defendant's answer.

The seventh paragraph of the answer also states a separate defense. It does not refer to any other portion of the pleading, and hence it is

not aided by the allegations therein contained. It alleges a new agreement, by which the plaintiffs promised to relieve the defendant from his obligation to pay the rent accruing on the lease set out in the complaint, and the rent to recover which this action is brought, in consideration of the promise of the defendant to pay $500, and to surrender the possession of the leased premises. The defendant alleges that he has yielded up the premises and offered to pay $400 on the agreement. It will be observed that the new agreement is stated to have been made after the 1st of February, 1895, and after the rent sought to be recovered in the action had accrued. The new agreement is not pleaded as an accord and satisfaction, as this clause of the answer fails to allege any dispute or controversy between the parties. It has been held in certain cases that an accord and satisfaction may arise from a new contract where the parties agreed that the new promise shall itself be a satisfaction of a prior debt or duty. Kromer v. Heim, 75 N. Y. 574–576. But, whether the defendant, in the seventh clause of his answer, intended to allege the new agreement between the parties as an accord and satisfaction or otherwise, I think the answer fails to state a defense, because it does not aver a performance by the defendant of said contract. It will be observed that the pleading does not aver that the plaintiffs released the defendant from the payment of the rent due when the new agreement was made, but it says that the plaintiffs agreed to release the defendant from such payment in consideration of the promise of the latter to surrender the premises and pay $500. It covers a promise of the plaintiffs to release a right of action in consideration of the promise of the defendant. The new agreement, therefore, as alleged in the answer, not having been performed by the defendant, was not a defense to the action. See Kromer v. Heim, 75 N. Y. 574; Russell v. Lytle, 6 Wend. 390.

I conclude that the demurrer was properly sustained by the court below, and that the judgment should be affirmed, with costs.

LANDON, HERRICK, and MERWIN, JJ., concur. PARKER, P. J., concurs in result.