(18 Misc. Rep. 228.)

### O'GORMAN v. HARBY.

(Supreme Court, Appellate Term, First Department. October 29, 1896.)

LANDLORD AND TENANT—DUTY OF LANDLORD TO REPAIR.

    A landlord whose duty it is to repair the leased premises must make such repairs within a reasonable time.

Appeal from Eighth district court.

Action by Marianne O'Gorman against Walter Harby for rent. The defense was that defendant was evicted by reason of plaintiff's failure to supply the premises with heat sufficient to make it fit for occupancy as a dwelling place, and to prevent the continuance of loud noises caused by steam pipes in the building. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hugh L. Cole and George Newell Hamlin, for appellant.
Richard O'Gorman, for respondent.

DALY, P. J. This is an action for the rent of rooms in the apartment house No. 25 West Eighty-Fourth street for the months of January and February, payable in advance. The tenant moved out in the first week in January, and resists payment of the rent, and counterclaims damages on the ground that he was deprived of the beneficial use and enjoyment of the premises by the failure of the landlord to furnish the steam heat which the tenant was to receive, and

that they thereby became untenantable. The defense was made out by the evidence, for it appears that owing to a defect in the heating arrangements, over which the plaintiff, as the landlord, had exclusive control, the defendant's apartments were cold during the month of December, and up to the time he moved out, in the first week in January, and that the defect was not remedied until the last part of January, or in February. The landlord's agent testified that the cause of the insufficient heat was the stoppage in the return of the steam; the point of the stoppage was next to the boiler, which was in the cellar; that steam fitters were sent around the latter part of December, and remedied the trouble for the time being by attaching a valve to the top of the riser in the defendant's apartment, but there was further trouble in the stoppage of the return to the radiators; and that this was not remedied until the latter part of January, or, as he afterwards said, until February. No work was done in December, because of a strike in the steam-fitting trade. But as the tenant did not move in December it is not, perhaps, necessary to discuss the question whether the inconvenience resulting from a strike is to fall upon the tenant or upon the landlord; but it can hardly be claimed that such a cause excuses delay by the latter in performing his contract, and that the tenant must meanwhile remain in the apartments, suffer from the cold, and pay the rent. The facts of the case do warrant us, however, in saying that in matters of repairing and remedying defects, as between the landlord and the lessee of rooms in an apartment house, a reasonable rule prevails. If after notice the landlord proceeds with proper diligence to do what is necessary, he is allowed reasonable time to remedy the defect. If the tenant waits a reasonable time for him to do the work, and it is not done, he may remove from the premises, if he has been and is deprived of the beneficial use and enjoyment of them. In this case it appears that after the strike, and in the latter part of December, steam fitters were sent to the apartment, who made an alteration in the apparatus, but without preventing the trouble. The true cause was not discovered and remedied, apparently, until two or three weeks after the tenant moved out. The respondent relies upon the principle of Suydam v. Jackson, 54 N. Y. 450, and Lansing v. Thompson, 8 App. Div. 54, 40 N. Y. Supp. 425, that the statute (Laws 1860, c. 345) has reference only to an injury to the premises resulting from sudden and unexpected action of the elements, or other causes, and not to gradual deterioration and decay. But it is clear that the defects in this case were not the result of the last-named cause, but either of faulty construction, accident, or mismanagement by the landlord's agents, whose duty it was to keep the steam apparatus in repair. That the defects were discovered and remedied with little trouble, and without extensive reconstruction or repairs, is proof that there had been no gradual deterioration. The tenant attempted to keep warm by the use of lamps and gas logs in his apartment, but it cannot be held that he was bound to do this during a protracted discontinuance of the steam heat which his lease calls for. In the case of a prompt compliance with a notification of defect in the heating apparatus, temporary inconvenience must be suffered by the ten-

ant, under a reasonable construction of the relations between the parties. But in this case the facts establish that an unreasonable infliction was imposed upon him, and his abandonment of the premises was justified. It would seem that the tenant had made out a good defense to the February rent, and was entitled to counterclaim, as against the January rent, which was payable in advance (Giles v. Comstock, 4 N. Y. 270), for the value of the premises after his removal therefrom, which he lost through plaintiff's default (Denison v. Ford, 7 Daly, 384).

Judgment reversed and a new trial ordered; costs to the appellant to abide the event. All concur.