ESTHER B. MARKS, Respondent, *v.* NICOLA DELLAGLIO, Appellant.

*Landlord and tenant — right of a tenant to terminate a lease because of a nuisance — waiver of such right.*

A tenant who, in reliance upon a promise or understanding that the evil will be remedied, remains in possession of the demised premises for several months after acquiring knowledge that they are infected by noxious odors, and pays his rent monthly during that time, does not thereby waive his right subsequently to abandon the premises when the cumulative effect of the unremedied condition of the premises renders the nuisance intolerable.

*Semble,* that the retention of possession under the facts of this case was effectual as a waiver, only as to the condition existing at the time he paid each month's rent.

APPEAL by the defendant, Nicola Dellaglio, from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 29th day of June, 1900, reversing a judgment in favor of the defendant rendered by the Municipal Court of the city of New York, borough of Manhattan, second district, dismissing the complaint.

*Franklin Pierce,* for the appellant.

*W. C. Beecher,* for the respondent.

PATTERSON, J. :

This action was brought in a Municipal Court of the city of New York to recover for rent reserved by a written lease of premises of which the plaintiff was the landlord and the defendant a tenant, such rent being for the month of December, 1897. The defense interposed was that of an eviction caused by the landlord suffering a nuisance to be maintained upon portions of the premises not

included within the defendant's lease. The proof in the Municipal Court showed that the defendant was the tenant of a room on the ground floor of the premises No. 4 Chatham square in the city of New York, in which he carried on business as a barber. Underneath the barber shop was a cellar which was occupied by another tenant, and above the defendant's shop was a lodging house in which were accommodated some 200 or 250 persons. For a long time prior to December, 1897, offensive odors were observed by the defendant's employees and customers, and from May, 1896, they continued with increasing effect. The attention of the plaintiff's agent was called to this condition of the premises from time to time, and the evidence fairly establishes that promises were made to the defendant's agent and representative, his son-in-law, to rectify the evil. It became so bad that in May or June, 1897, the premises occupied by the defendant were absolutely untenantable. Complaint was made to the board of health, and an inspector of that department examined the premises and found them to be in such a condition that they were not only infected, but from the testimony of that inspector it was perfectly plain that a nuisance existed, necessarily by the toleration or allowance of the landlord, because its existence could have readily been discovered at any time by a very simple process or by a very slight examination. There was evidence to show that the defendant's business was broken up, and that he abandoned the premises in June, 1897. It was held in the Municipal Court that the defendant was not liable for rent because of the constructive eviction; that he was justified in abandoning the premises. On an appeal to the Appellate Term of Supreme Court, the judgment of the Municipal Court was reversed on the ground that the defendant, having observed the condition of the premises in 1896, and having remained from month to month until June, 1897, had waived his right to abandon for the existing nuisance, and had kept himself bound to the lease, and, therefore, was liable for the rent for the month of December, 1897.

It appeared in evidence that the premises were infected by noxious odors in June, 1896, and also that the defendant remained in possession of the premises after he became aware of the existence of those odors; but it also appeared that he remained there under a promise or understanding that the evil would be remedied. As he

remained there from month to month, his waiver could only be made effectual as to the existing condition of the premises at the time that each waiver was made. When they became so badly infected in June, 1897, that their condition was intolerable and it was impossible to remain there, there was presented the cumulative effect of the unremedied condition, resulting from the neglect to put the premises in repair, upon the promise to do which the defendant had relied when he waived antecedent conditions.

The general rule of law respecting the right of a lessee to abandon premises where there is a constructive eviction by reason of the landlord creating or suffering a nuisance upon adjoining premises or parts of premises not within the possession nor under the control of a tenant complaining, but presumably under the control of the landlord, is not drawn in question in this case. The only ground of the reversal by the Appellate Term is that the defendant by retaining possession waived his right to repudiate or terminate the hiring, and that he was required to act with reasonable promptitude. Without questioning the rule as a general proposition, we think it is plain in this case that the defendant only waived conditions existing at the time he paid each month's rent before June, 1897, and that, when he then found the condition of the premises to be so much worse than it ever had been before, he was justified in leaving and standing upon his legal right to claim that he was evicted.

For this reason the order of the Appellate Term should be reversed, with costs, and the judgment of the Municipal Court affirmed, with costs.

RUMSEY, INGRAHAM and HATCH, JJ., concurred.

Order of Appellate Term reversed, with costs, and judgment of Municipal Court affirmed, with costs.