## MARKS v. DELLAGLIO.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

LANDLORD AND TENANT—NUISANCE—CONSTRUCTIVE EVICTION—ABANDONMENT
—WAIVER.

That a tenant remained in possession from month to month after he became aware of a continuing nuisance amounting to a constructive eviction, does not waive his right to terminate the lease, where he remained under a promise that the evil would be remedied; but amounts only to a waiver of conditions existing at the time he pays each month's rent.

Appeal from supreme court, appellate term.

Action by Esther B. Marks against Nicola Dellaglio. From an order of the appellate term (65 N. Y. Supp. 502) reversing a judgment for defendant (59 N. Y. Supp. 707), defendant appeals. Reversed.

Argued before HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Franklin Pierce, for appellant.
W. C. Beecher, for respondent.

PATTERSON, J. This action was brought in a municipal court of the city of New York to recover for rent reserved by a written lease of premises of which the plaintiff was the landlord and the defendant a tenant, such rent being for the month of December, 1897. The defense interposed was that of an eviction caused by the landlord suffering a nuisance to be maintained upon portions of the premises not included within the defendant's lease. The proof in the municipal court showed that the defendant was the tenant of a room on the ground floor of the premises No. 4 Chatham Square, in the city of New York, in which he carried on business as a barber. Underneath the barber shop was a cellar which was occupied by another tenant, and above the defendant's shop was a lodging house in which were

accommodated some two hundred or two hundred and fifty persons. For a long time prior to December, 1897, offensive odors were observed by the defendant's employés and customers, and from May, 1896, they continued with increasing effect. The attention of the plaintiff's agent was called to this condition of the premises from time to time, and the evidence fairly establishes that promises were made to the defendant's agent and representative, his son-in-law, to rectify the evil. It became so bad that in May or June, 1897, the premises occupied by the defendant were absolutely untenantable. Complaint was made to the board of health, and an inspector of that department examined the premises, and found them to be in such a condition that they were not only infected, but from the testimony of that inspector it was perfectly plain that a nuisance existed, necessarily by the toleration or allowance of the landlord, because its existence could have readily been discovered at any time by a very simple process, or by a very slight examination. There was evidence to show that the defendant's business was broken up, and that he abandoned the premises, in June, 1897. It was held in the municipal court that the defendant was not liable for rent, because of the constructive eviction; that he was justified in abandoning the premises. On an appeal to the appellate term of the supreme court the judgment of the municipal court was reversed on the ground that the defendant, having observed the condition of the premises in 1896, and having remained from month to month until June, 1897, had waived his right to abandon for the existing nuisance, and had kept himself bound to the lease, and therefore was liable for the rent for the month of December, 1897. It appeared in evidence that the premises were infected by noxious odors in June, 1896, and also that the defendant remained in possession of the premises after he became aware of the existence of those odors; but it also appeared that he remained there under a promise or understanding that the evil would be remedied. As he remained there from month to month, his waiver could only be made effectual as to the existing condition of the premises at the time that each waiver was made. When they became so badly infected in June, 1897, that their condition was intolerable, and it was impossible to remain there, there was presented the cumulative effect of the unremedied condition, resulting from the neglect to put the premises in repair, upon the promise to do which the defendant had relied when he waived antecedent conditions. The general rule of law respecting the right of a lessee to abandon premises where there is a constructive eviction by reason of the landlord creating or suffering a nuisance upon adjoining premises or parts of premises not within the possession nor under the control of a tenant complaining, but presumably under the control of the landlord, is not drawn in question in this case. The only ground of the reversal by the appellate term is that the defendant, by retaining possession, waived his right to repudiate or terminate the hiring, and that he was required to act with reasonable promptitude. Without questioning the rule as a general proposition, we think it is plain in this case that the defendant only waived conditions existing at the time he paid each month's

·rent before June, 1897, and that, when he then found the condition of the premises to be so much worse than it ever had been before, he was justified in leaving, and standing upon his legal right to claim that he was evicted. For this reason the order of the appellate term should be reversed, with costs, and the judgment of the municipal court affirmed, with costs. All concur.