## BUTLER v. NEWHOUSE.

(Supreme Court, Appellate Term. December 17, 1903.)

1. LANDLORD AND TENANT—EVICTION—EVIDENCE—QUESTION FOR JURY

In an action for rent, the defense of constructive eviction, caused by the landlord's failure to supply heat as agreed, supported by evidence that during October the apartment was insufficiently heated, or not heated at all, that defendant repeatedly complained of that fact, but without effect, and that he was obliged to remove therefrom on October 29th, should have been submitted to the jury.

2. SAME—CONSTRUCTIVE EVICTION—WHAT CONSTITUTES.

Eviction and abandonment of an apartment, caused by an insufficient supply of heat, rendering the premises uninhabitable, is a good defense to an action for rent.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Jacob D. Butler against Oscar B. Newhouse. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Walter S. Newhouse, for appellant.
H. O. Ingalls, for respondent.

BLANCHARD, J. This action was brought to recover rent upon a written lease of an apartment in an apartment house owned by the plaintiff. The lease was for two years from October 1, 1902, and the rent for which this action was brought was for six months beginning

¶ 2. See Landlord and Tenant, vol. 32, Cent. Dig. § 773.

October, 1902. The defendant, among other defenses, set up a constructive eviction, claiming that the plaintiff's failure to supply heat rendered the premises so untenantable and uninhabitable as to make it necessary for him to remove therefrom. It was agreed that the defendants should have the affirmative upon the trial, and, it being conceded by the plaintiff that the landlord was to supply the defendant's premises with heat, the defendant gave evidence that during the month of October the apartment was insufficiently heated or not heated at all, and that he repeatedly complained of this condition, but without effect, and that he was, as a result of this condition, obliged to remove from the premises on October 29, 1902. Some evidence was given by hostile witnesses called by the defendant, which in a measure injured the force of the defendant's case.

After the defendant had rested, the plaintiff moved for judgment, and judgment was directed for the plaintiff by the trial justice. We think this was error. In our judgment, the question whether or not the defendant was justified in removing from the premises was one of fact for the jury to determine. While it is true the evidence may not have been particularly strong, still the court was not warranted in holding, as matter of law, that a constructive eviction had not been established.

There can be no question but that the defense of an eviction and abandonment caused by an insufficient supply of heat, rendering the premises uninhabitable, is a good and proper one in an action for the rent. O'Gorman v. Harby, 18 Misc. Rep. 228, 41 N. Y. Supp. 521; Hall v. Irain, 78 App. Div. 107, 79 N. Y. Supp. 614. The judgment, therefore, must be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.