SIEBOLD v. HEYMAN.

(Supreme Court, Appellate Term.　December 29, 1909.)

1. LANDLORD AND TENANT (§ 44*)—CONSTRUCTION OF LEASE—COVENANTS AS TO HEAT.

A covenant in a renewal lease that the steam radiator should be increased and enlarged to give sufficient heat, namely, a temperature of at least 65 degrees in cold weather, will be construed to bind the landlord to supply a sufficient head of steam to effect that result, when the landlord has the complete control over the heating plant.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 44.*]

2. LANDLORD AND TENANT (§ 172*)—CONSTRUCTIVE EVICTION—FAILURE TO HEAT.

Where a lease provides that the landlord, who has complete control of the heating plant, will supply a head of steam sufficient to keep the temperature at 65 degrees in cold weather, a failure to so heat is a constructive eviction, if the tenant so elects and moves out.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 172.*]

3. LANDLORD AND TENANT (§ 171*)—CONSTRUCTIVE EVICTION—SURRENDER OF PREMISES.

There cannot be a constructive eviction without a surrender of the leased premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 693, 694; Dec. Dig. § 171.*]

4. LANDLORD AND TENANT (§ 178*)—CONSTRUCTIVE EVICTION—TIME TO SURRENDER PREMISES.

Where a tenant claims a constructive eviction for failure to heat the premises, whereby he is entitled to surrender them, he must surrender in a reasonable time after the failure of the landlord to heat.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 713; Dec. Dig. § 178.*]

5. LANDLORD AND TENANT (§ 178*)—CONSTRUCTIVE EVICTION—SURRENDER OF PREMISES—REASONABLE TIME.

Where a tenant has a right in October to surrender the premises for failure of the landlord to heat, he cannot delay until February and then surrender, without showing that there was an appreciable diminution of the heat in February as to the heat furnished in October, so as to constitute a fresh eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 178.*]

6. LANDLORD AND TENANT (§ 231*)—COVENANTS AS TO HEAT—BREACH—SUFFICIENCY OF EVIDENCE.

Under a lease binding a landlord to heat the premises, self-serving declarations in a letter of the tenant to the landlord, and a promise by the landlord that he intended to improve conditions in the steam supply, were not sufficient evidence to establish a breach of the covenant in the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

7. LANDLORD AND TENANT (§ 171*)—CONSTRUCTIVE EVICTION—FAILURE TO HEAT—WAIVER.

Where a tenant is constructively evicted by the failure of the landlord to heat, a promise on the part of the landlord to remedy conditions would amount to a waiver of the right to take advantage of the tenant's failure to surrender the premises in a reasonable time.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 171.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Christian A. Siebold against Oscar Heyman. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Randolph M. Newman, for appellant.

Edward Galinger, for respondent.

GOFF, J. This is an appeal from a judgment dismissing the complaint in an action for rent, which was defended on the ground that there had been a constructive eviction by reason of the landlord's breach of a covenant to furnish sufficient heat. In March, 1908, plaintiff, who was tenant in possession of the premises, signed a renewal lease for a term beginning September 1, 1908, and ending September 30, 1909, whereby it was provided that the number of steam radiators should be "increased and enlarged to give sufficient heat; i. e., a temperature of at least 65 degrees in cold weather." In view of the fact that, as it can be gathered from the record, steam to these radiators was supplied from a central plant, in the basement of the house, wholly under control of the landlord, this covenant must be construed as if it were not only to increase the number of steam radiators, and to enlarge them, so as to be capable of heating the apartment to a temperature of 65 degrees, but to supply them with steam of a sufficient quantity and quality to effect that result.

In October and November, 1908, the apartment was chilly and uncomfortable, and was not heated to a temperature of 65 degrees, either Fahrenheit or Centigrade, if we may take judicial notice that a normal person will not be chilly and uncomfortable at either of those temperatures. There is no evidence whether this result arose from a failure on the part of the landlord to increase and enlarge the steam radiators in the apartment, or from failure to supply sufficient steam; but it does appear that the tenant and his wife made numerous complaints to the landlord, not only as to lack of heat, but also of hot water. On February 11, 1909, the tenant notified the landlord of his intention to vacate, owing to the latter's failure to keep up the steam heat and hot water supply, and did vacate at some time during that month. This action was brought to recover for rent claimed to have accrued, after the removal, in March, April, and May, 1909. There can be no doubt that the failure of a landlord to supply sufficient heat to an apartment used as a dwelling and fitted with apparatus for that purpose, over which the landlord has control, constitutes a constructive eviction, if the tenant so elects and moves out. Butler v. Newhouse, 85 N. Y. Supp. 373. It is only by removal that the tenant can make his election. Boreel v. Lawton, 90 N. Y. 293, 43 Am. Rep. 170. The surrender must be made within a reasonable time after discovery of conditions which are claimed to constitute an eviction. Ryan v. Jones, 2 Misc. Rep. 65, 20 N. Y. Supp. 842; Copeland v. Luttgen, 17 Misc. Rep. 604, 40 N. Y. Supp. 653; Stein v. Rice, 23 Misc. Rep. 348, 51 N. Y. Supp. 320; Butler v. Newhouse, 85 N. Y. Supp. 373; Butler v. Carillo, 88 N. Y. Supp. 941; O'Gorman v. Harby, 18 Misc. Rep. 228, 41 N. Y. Supp. 521.

It was evident to the tenant in October that there was insufficient heat in his apartment; but he did not move until February. Upon discovery of the faulty condition of his apartment in October, it was his right to treat the lease as canceled and move out, after notifying the landlord and waiting a reasonable time for him to remedy conditions; and if, by reason of the increasing severity of the weather, or other cause, the temperature of the apartment became continuously less, the ensuing cumulative discomfort might have started afresh the reasonable time in which he had to remove. Marks v. Dellaglio, 56 App. Div. 299, 67 N. Y. Supp. 736. The record discloses no evidence of the condition of the premises in February sufficient to show what was the condition of the apartment at that time, or sufficient facts to show the tenant's right to claim a constructive eviction in that month. It is not enough to prove that the tenant complained of insufficient heat between November and February; nor is he helped by self-serving declarations in a letter to the landlord, which is made part of the record, nor by proof of a statement by the landlord that he "intended to improve conditions" in the steam supply, which is not an admission of a failure to perform his contract.

Judgment will not be ordered in favor of the landlord on the theory that defendant cannot, by any possibility, be successful on a new trial, since it may be possible that he can show a substantial diminution of heat in February, or a promise on the part of the landlord to remedy conditions. Such a promise would constitute a waiver, on his part, of the right to take advantage of the fact that the tenant had not removed within a reasonable time after discovery of the defective condition of the premises. Krausi v. Fife, 120 App. Div. 490, 105 N. Y. Supp. 384.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs. LEHMAN, J., concurs in result.