### GRAECEN v. BARKER.

(Supreme Court, Appellate Term. June 29, 1911.)

LANDLORD AND TENANT (§ 178*) — EVICTION — CONSTRUCTIVE EVICTION — WAIVER.

A tenant in an apartment remained in possession from November until March following, notwithstanding alleged unendurable noises from defective water pipes. She made continual complaint, and continued ef-

forts were made to remedy the defects, until about February 10th, when an expert condemned the entire piping. She then waited to see whether permanent repairs would be made, and, as they were not, she surrendered the premises and moved away. *Held* that, as the tenant was required to give the landlord a reasonable time to repair the defect, she did not, by continuing in possession, waive any rights, but the basis for a constructive eviction continued and was renewed after each monthly payment of rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 713; Dec. Dig. § 178.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Thomas E. Graecen against Ellen T. Barker. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Wakelee, Thornall & Wright, for appellant.
Holt, Warner & Gaillard, for respondent.

BIJUR, J. Plaintiff sued the defendant tenant for the balance of unpaid rent of an apartment. The defense was constructive eviction by reason of alleged unendurable noises due to defective water pipes. Defendant entered into occupation of the premises early in November, 1909, and abandoned them on March 9, 1910. In rendering his decision the learned trial judge said:

"I am of the opinion that the retention of the premises for such a period after the observation of the annoyance was a confirmation of the tenancy, and must be treated as an election by the tenant to perform the covenants of the lease and retain its benefits."

Defendant's evidence, however, is to the effect that she was making continual complaint, and that continued efforts were being made to remedy the defect, until finally, about February 10, 1910, an expert was called in who condemned the entire piping; that she then waited to see whether permanent repairs were to be made, and, when they were not, she surrendered the premises and moved out. Under such conditions, it cannot be held that the tenant waived any rights in the premises, but, on the contrary, that the basis for a constructive eviction continued, and was renewed after each monthly payment of rent. Krausi v. Fife, 120 App. Div. 490, 105 N. Y. Supp. 384; Marks v. Dellaglio, 56 App. Div. 299, 67 N. Y. Supp. 736. The tenant was in all fairness bound to give the landlord a reasonable time to repair the defect (see O'Gorman v. Harby, 18 Misc. Rep. 228, 41 N. Y. Supp. 521), and she should not be prejudiced by the patience which she manifested in that regard.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes