HARPER MACHINERY CO. v. DONEGAN & SWIFT.

(Supreme Court, Appellate Term. April 17, 1912.)

DISMISSAL AND NONSUIT (§ 6*)—RIGHT OF PLAINTIFF TO DISMISS.

　　Where the defendant did not, by his answer, pray any affirmative relief, plaintiff may dismiss at the close of the testimony; the case not yet having been finally submitted to the jury.

　　[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 13, 14; Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Harper Machinery Company against Donegan & Swift. From a judgment awarding defendants affirmative relief, plaintiff appeals. Reversed and remanded.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Joseph Sapinsky, of New York City (Alvin T. Sapinsky, of counsel), for appellant.

Williams, Folsom & Strouse, of New York City (Charles MacLaren, of counsel), for respondent.

SEABURY, J. The complaint alleges a cause of action for the alleged breach of an express warranty. The answer was a general denial. The answer was amended upon the trial, but the amendment did not demand affirmative relief from the plaintiff in this action. Upon the close of the testimony the plaintiff made a motion to discontinue this action. Thereafter the learned court below rendered judgment in favor of the defendant and against the plaintiff for $432.13. The plaintiff had a right voluntarily to discontinue the action before it was finally submitted. Nichols v. Williams, 42 Misc. Rep. 527, 86 N. Y. Supp. 136.

The judgment is reversed, with costs to the appellant, and the complaint is dismissed, with costs of the action to the respondent, without prejudice to a new action. All concur.

━━━━━━

LLOYD CONST. CO. v. DUDGEON.

(Supreme Court, Appellate Term. April 16, 1912.)

1. LANDLORD AND TENANT (§ 124*)—APARTMENTS—IMPLIED COVENANTS—DUTY TO HEAT.

　　Where an apartment is leased, to be occupied only as a private dwelling house, and the lessor retains the sole control and management of the heating apparatus, the lessor is obliged to furnish sufficient heat and hot water, and a covenant to that effect must be read into the lease.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 437–440; Dec. Dig. § 124.*]

2. LANDLORD AND TENANT (§ 233*)—APPEARANCE—CONSTRUCTIVE EVICTION—QUESTION FOR JURY.

　　In an action to recover rent for an apartment, where the lessee defended on the ground that there had been a lack of sufficient steam heat

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and hot water, *held*, that whether the evidence was sufficient to constitute a constructive eviction was a question for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 940–944; Dec. Dig. § 233.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Lloyd Construction Company against Frank P. Dudgeon. From a judgment on a directed verdict for plaintiff in the Municipal Court of the City of New York, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Arthur Mayer, of New York City, for appellant.
Walter T. Kohn, of New York City, for respondent.

BIJUR, J. [1] The pleadings in this action were verified. The plaintiff sued to recover the rent for the months of May to September, 1911, inclusive, of an apartment, consisting of five rooms on the fourth floor of a large apartment house situated at No. 200 West 109th street, this city. The premises were occupied by the defendant up to about April 25; 1911, under a written lease for one year from October 1, 1910. It contained a clause which provided that the rooms should not be occupied by the defendant "for any purpose other than a private dwelling for himself and family." The answer set up in substance, and it was not disputed upon the trial, that the plaintiff had the sole control, supervision, and management of the boiler for the generation of hot water, and also of the steam heating apparatus for supplying heat to said apartment, and that the only manner in which heat and hot water could be supplied was by means of said plant, owned and controlled by the plaintiff. The answer further averred that, prior to the time the May rent became due, the plaintiff had failed and neglected to supply heat and hot water to said apartment, and that by reason of such failure it had become unfit for occupancy as a dwelling. There was no express covenant in the lease to furnish heat and hot water; but where an apartment is leased in a building consisting of several apartments, each to be used as a private dwelling, and there is no way of heating the same, or of obtaining hot water, except by means of a plant under the exclusive control of the landlord, the landlord is obligated to furnish sufficient heat and hot water, and a covenant to that effect must be read into the lease. Berlinger v. McDonald, 133 N. Y. Supp. 522.

[2] There was testimony given upon the trial by the defendant and his witnesses to the effect that for some time prior to the 25th day of April, 1911, on which day the defendant abandoned the premises, there had been a lack of sufficient steam heat to render the rooms habitable with any degree of comfort; that there was almost an entire absence of really hot water; that such a condition had existed, practically continuously, during the month of April. An offer to show that such a condition existed during the months of Febru-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ary and March was excluded. It also appeared that the superintendent of the building had frequently been requested to supply the deficiencies, but that it was not done, and that upon at least one occasion the defendant, upon going to the boiler room to make complaint, was shown by the fireman that there was no coal in the bins. Whether or not the testimony given by the defendant was sufficient to constitute a constructive eviction was a question of fact for the jury to determine, and the learned trial court could not say as a matter of law that it did not. Therefore the direction of a verdict in favor of the plaintiff was error, for which the judgment must be reversed. Butler v. Newhouse, 85 N. Y. Supp. 373.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.