(81 Misc. Rep. 141.)

### MARTIN v. CREST BRAND BANDEAU CO.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

LANDLORD AND TENANT (§ 223*)—LIABILITY FOR RENT—COUNTERCLAIM.

> A tenant at a monthly rental, payable on the 1st day of the month in advance, who is virtually evicted by the purchaser at a mortgage foreclosure sale taking possession after the 1st of the month, may by counterclaim recover from the landlord the value of the balance of the term, though rent payable in advance is due and payable, regardless of what may transpire subsequent to the due date.
>
> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 885–893; Dec. Dig. § 223.*]

Appeal fom Municipal Court, Borough of Manhattan, First District.

Action by James E. J. Martin against the Crest Brand Bandeau Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Theodore I. Sturtz, of New York City (Samuel Sturtz, of New York City, of counsel), for appellant.

Taylor & Fatt, of New York City (Isidor H. Taylor, of New York City, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J.  From the stipulated facts it appears that plaintiff and defendant entered into a lease of a loft in certain premises for one month, beginning February 1, 1913, at the monthly rental of $66.66, payable on the 1st day of the month in advance, and that under and by virtue of a referee's deed in an action to foreclose a mortgage, to which action plaintiff and defendant were parties, the purchaser took possession of the premises on the 7th of February, 1913.  Thereupon defendant paid to the purchaser $50 for rent of the remaining portion of February, and, upon being sued by the plaintiff for the full rent of that month, pleaded eviction by paramount title, tendered $16.66 into court, and counterclaimed for $50.

While it is true that rent payable in advance is due and payable, regardless of what transpires subsequent to the due date, and therefore the change of ownership in the case at bar could not constitute a defense, the defendant, having been virtually evicted by paramount title, may, by way of counterclaim, recover from the original lessor the value of the balance of his term.  See O'Gorman v. Harby, 18 Misc. Rep. 228, 230, 41 N. Y. Supp. 521; Zbarazer Realty Co. v. Brandstein, 61 Misc. Rep. 623, 113 N. Y. Supp. 1078.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.