(88 Misc. Rep. 70)

ONE HUNDRED AND FORTY-TWO WEST FIFTY-SEVENTH ST. CO.
v. TROWBRIDGE.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

1. LANDLORD AND TENANT (§ 223*)—ACTIONS FOR RENT—CONSTRUCTIVE EVICTION—COUNTERCLAIM.

In an action for the rent due under a lease on March 1st, where the tenant claimed constructive eviction and moved out on March 6th, while the eviction is not a defense, since it did not occur until after the rent became due, the defendant can counterclaim the rental value of the premises for the balance of the month.

[Ed. Note.—For other cases, see Landlord and· Tenant, Cent. Dig. §§ 885–893; Dec. Dig. § 223.*]

2. LANDLORD AND TENANT (§ 231*) — ACTIONS FOR RENT — COUNTERCLAIM — EVIDENCE—VALUE.

In an action for rent due under a lease, where the tenant counterclaims for the reasonable rental of the premises during the balance of the term after constructive eviction, the lease is sufficient evidence of the rental value.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

3. LANDLORD AND TENANT (§ 178*)—CONSTRUCTIVE EVICTION—WAIVER.

Where a tenant claims constructive eviction because of the landlord's failure properly to heat the building, the fact that the tenant remained in the premises for some time in reliance upon the landlord's promises to remedy the condition does not waive the eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 713; Dec. Dig. § 178.*]

4. LANDLORD AND TENANT (§ 232*)—ACTIONS FOR RENT—COUNTERCLAIM—AMOUNT OF RECOVERY.

Where a tenant, who had deposited $300 to secure the payments of the last three months' rent under the lease, was constructively evicted and moved out, six days after the rent for one month became due, the tenant is entitled to counterclaim, against the landlord's claim for rent, $300 and the rent for the balance of the month, which would result in a recovery of the $300, less the amount of the rent for the six days.

[Ed. Note.—For other cases, ·see Landlord and Tenant, Cent. Dig. §§ 935–939; Dec. Dig. § 232.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the One Hundred and Forty-Two West Fifty-Seventh Street Company against Fritzi M. Trowbridge. Judgment for the defendant on her counterclaim, and plaintiff appeals. Modified and affirmed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Weissberger & Leichter, of New York City (M. M. Leichter, of New York City, of counsel), for appellant.

Edwin W. Willcox, of New York City, for respondent.

WHITAKER, J. Plaintiff has sued defendant for rent of an apartment for the month of March, 1914. Defendant took possession of the premises on October 1, 1912, under a written lease for two years,

expiring October 1, 1914. Defendant deposited with the landlord $300 in cash to secure the rent for the last three months of her term.

Defendant claims constructive eviction on account of failure of landlord to provide sufficient heat. Defendant moved out of the premises on March 6, 1914. Defendant sets up three counterclaims: (1) $82.50 for rental value for balance of March rent accruing after she moved out; (2) $50 for additional clothing, gas, electricity, etc., the expenditure of which she claims was made necessary by reason of landlord's failure to furnish sufficient heat; and (3) for the $300 deposited with the landlord as security for rent for the last three months of the term.

The trial court held that the defendant was constructively evicted by reason of landlord's failure to properly heat the premises and that she was justified in moving out. The court disregards the counterclaim for $50, and gives defendant judgment for the $300 deposited with the landlord, and presumably the $82.50 as rental value for the balance of the month of March was also disregarded.

The record discloses a preponderance of evidence showing the apartment to have been insufficiently heated. There is testimony to the effect that this same condition existed in the winter of 1912–13 and right up to the time defendant moved out. The points made by the appellant are: (1) That the alleged evidence did not constitute a defense to the action, for the reason that the action is brought to recover the March rent only which became due on the 1st day of March; and (2) that defendant moved out six days after the rent became due.

[1] It is true as a general rule that the eviction must take place before the rent becomes due in order to be a defense, and the cases cited by the plaintiff so hold. While this rule is well settled, it is equally settled that the defendant may counterclaim and offset the rental value of the premises, after the eviction, from the date of such eviction. Martin v. Crest Bandeau Co., 81 Misc. Rep. 141, 142 N. Y. Supp. 316; O'Gorman v. Harby, 18 Misc. Rep. 228, 41 N. Y. Supp. 521; Zabarazer Realty Co. v. Brandstein, 61 Misc. Rep. 623, 113 N. Y. Supp. 1078.

[2] Defendant set up as a counterclaim the rental value of the premises from March 6th, the day she moved out, to April 1st, which period was within the month for the rent of which the action is brought. The lease was put in evidence, which we think was sufficient to establish the rental value of the premises as between the parties themselves.

[3] The plaintiff sets up waiver by the defendant of the right to claim constructive eviction, inasmuch as the testimony showed that the premises were insufficiently heated for several months prior to the time when defendant moved out. It is true that in certain cases the right to abandon premises must be exercised within a reasonable time where tenant claims constructive eviction, and the right to so abandon them by tenant and to claim an eviction may be waived by continued possession. That rule has no application to the present case, for the reason that the evil complained of was capable of being remedied by the landlord, who promised defendant that he would remedy it, and the tenant had a legal right to rely upon such promise. Marks v. Dellaglio, 56 App. Div. 299, 67 N. Y. Supp. 736; Graece v. Barker, 130 N. Y. Supp. 141.

[4] The record does not indicate how the trial justice arrived at the conclusion that defendant's counterclaim should be $300. The only counterclaims which should have been considered were the sum of $300, which sum was deposited with the defendant as security, and $82.50 the rental value of the premises from March 6th to April 1st. Deducting this latter sum from $100, the monthly rent, would leave a balance due the plaintiff for the rent of March of $17.50, which should be deducted from the counterclaim of $300.

The judgment for defendant, therefore, should be reduced in the sum of $17.50, and, as so reduced, affirmed, with costs to the respondent. All concur.