### 118 EAST FIFTY–FOURTH STREET CO. v. LAWLOR.

(Supreme Court, Appellate Term, First Department. October 25, 1916.)

LANDLORD AND TENANT ⊕⟹233(3)—ACTION FOR RENT—QUESTION FOR JURY—CONSTRUCTIVE EVICTION.

 In an action for the rent of an apartment, wherein the defendant pleaded a constructive eviction by reason of dampness on the walls causing the paper and decorations to peel off and become discolored and rendering the premises unsanitary and unfit for habitation, *held*, on the evidence, that the issue of constructive eviction was for the jury.

 [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 942; Dec. Dig. ⊕⟹233(3).]

Appeal from City Court of New York, Trial Term.

Action by 118 East Fifty-Fourth Street Company against Lillie Lawlor. From a judgment in favor of the plaintiff in the City Court

⊕⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the City of New York entered upon a directed verdict, defendant appeals.   Reversed, and new trial granted.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Cushing & Cushing, of New York City (Geo. B. Holbert, of New York City, of counsel), for appellant.

Harris & Harris, of New York City (Edward W. Harris, of New York City, of counsel), for respondent.

BIJUR, J.   Plaintiff sued for rent of an apartment after March, 1914.   Defendant pleaded a constructive eviction.   The testimony was to the effect that during the entire time of occupancy, from September, 1913, to March, 1914, the paper and decorations on the walls of the living room (parlor) and defendant's bedroom kept peeling off and becoming discolored.   Serious dampness showed on the walls; indeed, they were practically wet and mold developed on the walls behind the pictures.   The landlord kept constantly promising to remedy the defect and made efforts to do so, which were unavailing.   There was also a lack of sufficient heat.   No testimony in rebuttal was offered.   The court directed a verdict not on the ground urged by the plaintiff, namely, that "retention of the premises from September, 1913, to March, 1914, precluded the defendant from maintaining the defense of constructive eviction," probably because such continued occupancy was explained and excused by the landlord's continued promise and efforts to repair.   See Marks v. Dellaglio, 56 App. Div. 299, 67 N. Y. Supp. 736; Graecen v. Barker (Sup.) 130 N. Y. Supp. 141.   The court ruled, "Your (defendant's) proof in this case has not sustained the statement of facts."   This statement of facts, as given by the learned court, was "that the premises became so damp and saturated with water that the decorations rotted off and the premises were rendered unfit for habitation, unsanitary, and dangerous to defendant's health."   While it is true that defendant did not adduce any medical testimony to the precise point of the injury to her health, the testimony clearly shows the premises to have been unfit for habitation in the usual sense of that term and unsanitary as a matter of common knowledge.   Plaintiff should have been put to its rebuttal, and the issue of fact submitted to the jury.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.