JACOB FLECHNER, Respondent, *v.* PAUL DOUGLASS, Appellant.

Supreme Court, Appellate Term, Second Department, June 21, 1929.

*Edward J. Shumway,* for the appellant.

*Kalman Ress,* for the respondent.

PER CURIAM. Judgment unanimously reversed, upon the law, and new trial granted, with thirty dollars costs to appellant to abide the event. The court below refused to consider the failure to supply hot water as a ground on which the appellant might claim a constructive eviction. The testimony in the case showed that the landlord, on occasions, did supply hot water, and that the only means for getting it was through the pipe supplied by him. It is true that the appellant could have heated hot water on the kitchen stove, but in view of the nature of the apartment house, together with the fact that it was supplied by the landlord and the apparatus

therefor was under the landlord's control, notwithstanding there was no specific agreement to supply hot water, the tenant could base a claim of constructive eviction on the persistent and unreasonable failure of the landlord to supply it. (*Tallman* v. *Murphy*, 120 N. Y. 345; *Lloyd Construction Co.* v. *Dudgeon*, 76 Misc. 246; *Berlinger* v. *MacDonald*, 149 App. Div. 5.)

The court was not bound, as matter of law, on the proof given as to failure to supply heat, notwithstanding the covenant in the lease on the part of the landlord to supply it, to hold that there had been a constructive eviction. It is impossible to tell, however, what weight the court below would have given to the testimony as to the failure to supply heat, had the court also considered the claimed failure to supply hot water. It was error to dismiss the counterclaim for failure of proof, because at least the appellant was entitled to nominal damages. There was no proof that the painter was an independent contractor. The testimony of the defendant warranted the inference that whoever did the painting was the agent of the landlord, for whose negligence the landlord would be responsible.

All concur; present, CROPSEY, MACCRATE and LEWIS, JJ.