Arthur Wachtel, J.
Plaintiffs sue the defendants for return of security in the amount of $200 which had been given to the defendants at the time the parties entered into a lease on December 5, 1958. The lease provided that the security would be forfeited if the tenant vacated “ before one year ”. The tenants vacated on or about June 28,1959.
The tenants contended that there was an actual eviction on June 28, 1959, and that the defendants breached the implied covenant of quiet enjoyment. The contention of actual eviction was not sustained. However, in the court’s opinion, the preponderance of all the credible evidence supports a finding of constructive eviction, on the authority of Onward Constr. Co. v. Harris (144 N. Y. S. 318 [App. Term, 1st Dept.]) and Purcell v. Leon (144 N. Y. S. 348 [App. Term, 1st Dept.]).
The Appellate Term, First Department, has recognized that “ The tenants should be protected from insult.” (Manhattan Leasing Co. v. Schleicher, 142 N. Y. S. 545, 546 [App. Term, 1st Dept. 1913] Page, J.) Where the landlord’s conduct is “ so grossly insulting and threatening in character as to seriously and substantially deprive the defendant of the beneficial enjoyment of the premises demised,” and as a result, the tenant is forced to vacate the premises, there may be a constructive eviction and a breach of the covenant of quiet enjoyment (cf. Onward Constr. Co. v. Harris, supra, p. 318, Seabury, J.). Whether or not there are sufficient facts to support a constructive eviction is a matter to be determined upon the circumstances of each case.
Upon termination of the lease by constructive eviction, the tenant need not await the expiration date of the lease to recover the deposit. (142 West 57th Street Co. v. Trowbridge, 88 Misc. 70 [App. Term, 1st Dept.].)
Accordingly, judgment for the plaintiffs, $200 with interest from June 28,1959.