ISAAC McVANE *vs.* CHARLES S. WILLIAMS AND ANOTHER.

The Practice Act provides (sec. 1,) that the complaint in a civil action shall contain a statement of the facts constituting the cause of action, and (sec. 33,) that the common counts may be used when appropriate, but that a bill of particulars shall be filed in court by the plaintiff or such further statement as may be necessary to show the cause of action as fully as is required in other cases. Under a complaint containing only the common counts for money lent, paid, and had and received, the plaintiff filed the following bill of particulars:—" 1882, Feb. 6. To cash lent and money had and received, $350." Held that under it the plaintiff could not recover for money paid under duress.

Where a person pays under compulsion just what he ought to have paid, voluntarily, he has no standing in justice and equity to recover the money back.

CIVIL ACTION, upon a complaint containing the common counts for money lent, money paid and expended for the defendants, and money had and received by them to the use of the plaintiff; brought to the Court of Common Pleas of Hartford County and tried to the court before *Bennett,* acting judge. Facts found and judgment rendered for the plaintiff. Appeal to this court by the defendants. The case is sufficiently stated in the opinion. The defendants were partners under the firm name of "George W. Williams & Co."

*M. R. West,* and *J. L. Barbour,* for the appellants.

*G. G. Sill* and *T. E. Steele,* for the appellee.

LOOMIS, J. The complaint in form is for money lent, money paid, and money had and received. The ground of recovery in fact however is simply that the moneys were paid by the plaintiff to the defendants under duress by threats of unlawful imprisonment. The defendants upon the trial objected to any evidence tending to show the duress, for the reason that neither the complaint nor the bill of particulars made any reference to such a fact.

The Practice Act, p. 1, sec. 1, requires that in all civil actions "the complaint shall contain a statement of the facts constituting the cause of action: " and this expresses the controlling idea which the new mode of pleading seeks to enforce. This requirement is no where qualified in the act referred to, but in the Orders and Rules made by the judges pursuant to the authority given them by the thirty-third section of the act, it is provided that "the common counts may be used for the commencement of an action, where any of these counts is an appropriate general statement of the cause of action; but the defendant shall not be required to plead, nor shall any default be taken, until the plaintiff has filed a proper bill of particulars, or such further statement by way either of a substituted complaint, or of amendment, as may be necessary to *show his cause of action as fully as is required in other cases.*" Rules, p. 12, sec. 1.

The commencement of the action was in accordance with the rule; but when the plaintiff proceeded to file his bill of particulars he fell far short of the above requirement, and only repeated the very general language of his original complaint, as follows:—

George W. Williams & Co.,
1882.                                              To Isaac McVane, Dr.
Feb. 6.   To cash lent, and money had and received,   $350.
          To interest on do.

Under such a complaint and bill of particulars the defendants had a perfect right to assume that the plaintiff's claim was for an ordinary loan or transaction in regard to money which they had received, instead of being founded wholly upon an involuntary payment extorted by their threats under a well grounded fear of unlawful imprisonment.

There are also other provisions contained in the Rules which strengthen our position. Under the head of "General Rules of Pleading," p. 14, section 1, it is provided that "acts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly

to *apprise the adverse party of the state of facts which it is intended to prove.*" And under the head of "Pleadings subsequent to the Complaint," p. 16, sec. 6, it is provided that "no facts can be proved under either a general or special denial, except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements, but show, notwithstanding, that he has no cause of action, must be specially alleged." Then follows a list or statement of such facts as must be specially pleaded, and among them is *duress*.

We find also that in other states where the code system has been adopted, the facts showing duress must be pleaded. 6 Wait's Actions & Defenses, p. 633. In *Commercial Bank* v. *City of Rochester*, 41 Barb., 341, in an action to recover back money paid on compulsion or by duress of goods, it was held that the complaint must state the facts, so that the court may see that the payment was in fact compulsory, and this decision was subsequently affirmed by the Court of Appeals in 41 N. York, 619. See also *Town of Brazil* v. *Kress*, 55 Ind., 14, and cases there cited.

For these reasons we conclude that there was error in the ruling referred to. As this results in another trial it is not necessary to pass upon the other reasons for appeal unless for the purpose of settling questions in regard to which the court below might remain in doubt. The principles of law however which control those questions are so well settled that there is little room for controversy. Whatever doubts exist in the present case arise we think principally from certain omissions in the finding, which leave the ultimate facts to be determined by mere evidential facts and by a construction of the finding.

It seems to us there ought to have been some distinct finding as to the justice of the claim made by the defendants, for, if the plaintiff paid, though unwillingly, just what he ought to have done voluntarily, he has no standing in justice and equity to recover the money back; and the finding "that the defendants did not offer any evidence to prove that McVane had defrauded them of any oil, or was

indebted to them in a larger sum than $44.95, will not suffice to cure the omission, for the reason that upon this issue in this form of action the burden of proof was upon the plaintiff.

Again, it does not distinctly appear whether the threat of arrest made by the defendants referred to criminal or to civil proceedings, although there are evidential facts found which might justify an inference that the former was referred to. It was however within the exclusive province of the court below to determine this fact, whether by inference or upon direct evidence.

In this state of the record we deem it best to avoid any decision upon the merits of the case.

There was error in the judgment complained of.

In this opinion the other judges concurred.