# John Koenig, Appellee, v. The Peoples Gas Light & Coke Company, Appellant.

## Gen. No. 15,026.

DURESS—*what essential to recover money paid under.* In order to recover for money paid under duress, not only must the duress be established but it is essential that it appear from the evidence that the defendant, who received the money, ought not in equity and in good conscience be allowed to retain it.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed March 31, 1910.

SEARS, MEAGHER & WHITNEY, for appellant; FRED L. BLACKINTON, of counsel.

HUTTMANN, BUTTERS & CARR, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Appellant claimed that appellee was indebted to it in the sum of $144.60 for gas consumed but not registered through a punctured meter. Demand was made for payment, in virtue of a contract for gas between the parties, and refused. Appellant subsequently threatened to cut off the supply of gas at a place occupied by appellee other than the place where the gas in dispute was consumed, to avoid which appellee paid the claim by check under protest. This suit is brought to recover back the payment so made on the legal theory that it is money which appellant in equity and good conscience has no right to retain.

A trial before the court and the jury resulted in a verdict and judgment for the amount of the claim.

Appellant contends that there was no duress; that the payment was voluntary; that the verdict is manifestly contrary to the probative force of the evidence; and that the refusal of certain instructions proffered by appellant was reversible error.

Appellee's counsel made an opening statement to the jury, in which he stated the facts upon which he based the right of recovery. After stating somewhat in detail the relations of the parties and the occurrences which led up to the demand for $144.60 and appellee's refusal to pay, appellee's counsel said, "What was said there will be testified to by Mr. Koenig and I guess by the other witnesses. I do not recollect just what it was, but there was some words between them and soon after that two men came there with tools and appliances and prepared * * * to take out the meter. He at that time got a check—and he was informed that his gas would be taken out, the

meter would be taken out where he was then in business, unless he submitted to the payment of this money and paid the money then and there. He took a check, wrote out a check, and wrote on the check 'paid under protest,' or words to that effect—the check will be shown you—and paid the bill under protest, and now brings this suit to recover it back, claiming, as he has a right to, that he was compelled to pay that bill by a sort of moral duress and that he has a right to recover it back." Counsel for appellant announced that he desired to reserve his opening statement, but the learned trial judge told him that he "had better go ahead," and he did. In his statement counsel for appellant among other things said: "The attorney for the plaintiff has stated in a general way what the case is about and his statement is on the whole true." Upon this the court assumed that there was no contention between the parties as to appellee's proof, which, as outlined by his counsel, made a *prima facie* case which, uncontradicted, would sustain a verdict. In this conclusion the court was in error. Counsel predicated the right to recover upon the fact that the money was paid under protest and there was "a sort of moral duress" which coerced the payment. The contention of counsel for appellee being admitted, showed no cause of action and no right of recovery. The right to recover rested upon appellee's showing by his proofs that the money sued for was money which appellant in equity and good conscience had no right to retain. Such is the trend of all the cases cited on behalf of appellee. In LaSalle Co. v. Simmons, 10 Ill. 313, in which the county wrongfully exacted a fee for the operation of a ferry, the court say: "The illegal conduct of the commissioners put the plaintiff in their power, and taking advantage of their peculiar situation, they obtained money from him to which the county had not the shadow of right." City of Chicago v. N. W. M. L. I. Co., 218 Ill. 40, was an action brought to recover money illegally exacted for water supplied to premises owned by the company, but which

it was not liable to pay, and the court say: "It is the well-settled rule of this state that where one is compelled to make payment of money which the party demanding has no legal right to receive * * *," such payment is made under duress and may be recovered back. In the quotation from C. & A. v. Chicago, etc., Coal Co., 79 Ill. 130, made in News Publishing Co. v. Associated Press, 114 Ill. App. 241, the court say: "They were under a sort of moral duress by submitting to which appellants have received money from them which in equity and good conscience they ought not to retain." Duress and protest may be present when the money sued for is parted with, but these conditions in themselves are not sufficient to warrant its being recovered back. It must be made to appear that the money received ought not in equity and good conscience to be retained. If the money was rightfully due, the fact that the elements of protest and duress were present when it was paid vests no right to recover it back. To recover it must affirmatively appear that the money so paid ought not in equity and good conscience to be retained. The evidence here is silent as to there being any contract between the parties for gas at the new place of business of appellee or as to his having a meter or burning gas, or as to there being any pipes of appellant upon appellee's premises to disconnect. The jury were left to assume appellee was burning gas supplied by appellant at the time the threat was made to cut off the gas when payment for unregistered gas claimed to have been consumed at 10 East Madison street was demanded. If appellee had such a contract with appellant, and it was similar in its conditions to the one in evidence, then appellant would have had the right not only to threaten but actually to cut off the supply of gas at the new place of business for refusal to pay the amount due for gas consumed under the prior contract. Furthermore, notwithstanding appellant is a public utility corporation, exercising its franchise, impressed

with a duty to the public, it might have refused to supply gas to appellee at his new premises until he had liquidated the amount due under the old contract. The averment that the money sought to be recovered back was money which in equity and good conscience should not be retained, is not a negative averment. It is affirmative and vital and cannot be dispensed with in actions of this character, and must be sustained by proof. While in this case there are no written pleadings, because none are necessary in suits before justices of the peace, in which tribunal this case· was originally brought, yet proof of the fact is just as essential to warrant a recovery as if the fact was necessarily averred in an appropriate pleading.

Counsel for appellee did not in his opening statement state facts sufficient to justify a recovery. A motion to instruct a verdict at that time, on failure of appellee to fortify counsel's statement with other proof, if made, should have been granted. As the evidence stood at the close of all the proofs, it may be said it was for the jury to say by their verdict whether the money sued for was illegally exacted, and therefore in equity and good conscience ought not to be retained. But this right of the jury must be environed with instructions correctly stating the legal principle which should guide them in arriving at a conclusion as to the fact.

Appellant tendered and the court refused to give this instruction:

"The court instructs the jury that the burden of proof is on the plaintiff to prove that he did not owe the defendant the amount which he paid the defendant, and if you believe from the evidence that the plaintiff owed the defendant substantially the amount paid by the said plaintiff then your verdict should be for the defendant, The Peoples Gas Light and Coke Company, even though the payment was made by the plaintiff under protest and compelled by the fear that his gas would be shut off."

This instruction should have been given, and its

refusal was reversible error. The principle is clearly stated in City of Chicago v. Malkan, 119 Ill. App. 542, in which Mr. Justice Ball wrote: "The right to recover payments made under duress in *assumpsit* is unknown to the common law, and therefore in order to justify a recovery appellee must show, not only that such payment was made under legal compulsion, but also that it is against equity and good conscience for appellant to retain the money. Watson v. Woolverton, 41 Ill. 242." So the Supreme Court said in Illinois Glass Co. v. Chicago Telephone Co., 234 Ill. 535: "In order to be relieved from its contract and to recover back a portion of the moneys paid, the plaintiff assumed the burden of establishing, by the evidence, facts from which the law would draw the conclusion that the defendant had received money which in justice belonged to the plaintiff and ought to be returned." McVane v. Williams, 50 Conn. 548; Briggs v. Boyd, 56 N. Y. 289; Richolson v. Moloney, 96 Ill. App. 254.

For the errors indicated the judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*