MICHAEL J. MEE, RESPONDENT, v. THE TOWN OF MONT-CLAIR, IN THE COUNTY OF ESSEX, APPELLANT.

Submitted December 9, 1912—Decided March 3, 1913.

A policeman was fined for delinquency and was told to endorse his salary check to the town, in payment thereof, by the chief of police. It did not appear that the fine was an illegal one or that the chief of police used any coercion to compel the endorsement of the check, or that the policeman had made a protest. *Held*, that the payment was a voluntary one and could not be recovered.

On appeal from the Supreme Court, whose opinion is reported in 54 *Vroom* 274.

For the respondent, *Riker & Riker.*

For the appellant, *Robert M. Boyd, Jr.*

The opinion of the court was delivered by

TREACY, J.    The respondent was a patrolman in the town of Montclair.    He received a salary of $72.85 a month.    Eight charges were filed against him in July, 1909, and eight in September, 1909, with the police committee, and he was fined thirty days' pay.    On September 30th, 1909, there was due to him one month's salary for the month of September, 1909. The police committee was appointed by the town council from the members of that body annually, and were given the power by ordinance "to enforce such rules and regulations for the government, control and discipline of the police force as shall

have been or may be adopted by the council, and such committee shall inflict such penalties for misbehavior or delinquencies, except removal or dismissal from the force, as shall be authorized by such rules and regulations." After the adoption of this ordinance, rules and regulations governing the police force and providing for its discipline were adopted.

The right of the town council to confer the power to discipline the police department upon a committee of its members and that of the police committee to impose fines for delinquencies upon members of the force under this ordinance and the rules adopted cannot be collaterally attacked.

The respondent brought his action against the town upon the theory that in paying over the amount of the fine to the town through the chief of police he was under duress and it was inequitable for the town to keep the money. The testimony of the respondent was that the salary checks for members of the police force were delivered to the chief of police, who gave them to the policemen; that the checks for the month of September, 1909, were given to the others, but the chief told the respondent there was no money coming to him; that respondent did not say anything in reply to that statement; that a few days afterwards the chief left the warrant on his desk and said to him, "Sign that," and the respondent said, "Are you going to give it to me now?" and the chief replied, "No, you have no money coming to you." The respondent thereupon endorsed the check, which was payable to his order, and it was then paid to the town. The court below held this was done under duress.

The evidence did not show that the fine was illegally imposed, nor does it appear that any coercion was used to compel the payment. The chief of police made no threats. We are expected to surmise that the payment was illegally exacted and paid under fear, for the case is barren of evidence to support such a contention. The facts were thoroughly known to the respondent; he did not protest against the imposition of the fine or the payment thereof. We consider that the payment was a voluntary one. It is a well settled and universally recognized general rule that money voluntarily paid under a

claim of right and with knowledge of the facts on the part of the person making the payment or affected by it cannot be recovered back on the ground that the asserted claim was invalid or unenforceable. 22 *Am. & Eng. Encycl. L.* 609. It is also settled that one cannot recover back money paid under compulsion if it is what he ought to have paid voluntarily. In other words, the money paid cannot be recovered unless it is against conscience for defendant to retain it. 30 *Cyc.* 1311, citing *McVane* v. *Williams,* 50 *Conn.* 548; *Richmond* v. *Steamboat Company,* 87 *N. Y.* 240.

The judgment is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ. 10.