382

JACK ALDERSON, ET AL, *Petitioners,* v. STEWART BLEDSOE, ET AL, *Respondents.*

*Heidlebaugh, Barr & Wolcott,* by *George Wolcott,* for petitioners.

*Slade Gorton, Attorney General,* and *Emanuel E. Rosatto, Senior Assistant,* for respondents.

ROSELLINI, J.—The petitioners, sellers and shippers of potatoes, failed and refused to pay the assessments levied under RCW 15.66, the Washington Agricultural Enabling Act. After several demands for payment had been ignored, the Director of Agriculture notified the petitioners that he

would cease furnishing them with inspection services and shipping permits or certificates beginning October 24, 1974, and until such time thereafter as the petitioners paid $4,584.09, the assessments due the respondent commission, and ceased selling and shipping potatoes in violation of RCW 15.66, and WAC 16-516 promulgated pursuant thereto. No payment was made and the inspection services were withdrawn.

The petitioners brought this action seeking to enjoin the director from withholding inspection services and certification of their potatoes. A temporary restraining order and a preliminary injunction were dissolved when it was shown that the petitioners had not paid the assessments due and had indicated that they would continue to ship potatoes without paying the assessments if the necessary inspection certificates were issued.

The petitioners sought a writ of certiorari in the Court of Appeals, Division Three, which transferred the matter to this court, after having imposed the condition that the inspection services be continued and the assessments be paid into a trust account as they accrued, there to draw interest during the pendency of the review.

The question before the court is: Will the courts provide a remedy to one who alleges that, as a result of the withholding of the services of a governmental agency, he was economically coerced to make payments which, though properly assessed against him, he would not otherwise have paid?

To state the proposition is to remove any doubt of the answer. It is undoubtedly the rule that the withholding of a governmental service for the purpose of inducing an act on the part of a person otherwise entitled to the service will give rise to an action for restitution if the act is one which the person would not have otherwise done of his own free will and was not obliged to do. *See* D. Dobbs, *The Law of Remedies* § 10.2, at 662-63 (1973). In *Oswald v. El Centro*, 211 Cal. 45, 292 P. 1073, 71 A.L.R. 899 (1930), a city refused a contractor a reasonable extension of time to com-

plete his work unless he gave the city a lease on his property at a nominal rental, did some free work, and agreed to be "a good dog." This was held to be duress on the part of the city, and the contractor was allowed to recover the rental value of his property. In *Freund v. United States*, 260 U.S. 60, 67 L. Ed. 131, 43 S. Ct. 70 (1922), the United States Supreme Court allowed a contractor to recover the reasonable value of his services, where the United States government had brought such duress upon the contractor that he was forced to perform services beyond those contemplated by the contract.

This principle has most frequently been called into play in situations where a public utility withholds services to enforce payment of charges. *See* Annot., *Duress by company furnishing power or the like*, 34 A.L.R. 185 (1925); 25 Am. Jur. 2d *Duress and Undue Influence* § 8 (1966); 12 E. McQuillin, *Municipal Corporations* § 34.90 (3d ed. rev. J. Latta 1970). The cases decided in this area of law have consistently held that the withholding of services is justified where the act which it is intended to compel is one which the plaintiff is obliged to perform. Under such circumstances there is no duress such as to entitle the plaintiff to a remedy. As the court said in *Koenig v. Peoples. Gas Light & Coke Co.*, 153 Ill. App. 432 (1910), if the money obtained was rightfully due, the fact that the elements of protest and duress were present when it was paid, vests no right to recover it.

The reason for refusing a remedy to persons in the petitioners' circumstances is plain. Having been forced to pay out that which they were obliged to pay in any event, in order to sell their potatoes,[1] the petitioners have suffered

---

[1] RCW 15.66.150 (4):

Handlers receiving the affected commodity from the producer, including warehousemen and processors, [are] to collect producer assessments from producers whose production they handle and remit the same to the affected commission. . . . No affected units shall be transported, carried, shipped, sold, stored or otherwise handled or disposed of until every due and payable assessment herein provided for has been paid and the receipt

no damage nor can they be heard to assert that in the future the refusal of inspection services will cause them damage, since under the statute they have no right to sell potatoes until the assessments are paid.

Because as long as the assessments remained unpaid the petitioners had no legal right to sell their potatoes, their contention that the withholding of inspection services denied them due process of law is likewise without merit. The respondent director did not seize the petitioners' property; he merely placed an obstacle in the path of the sale of the potatoes. It appears to be conceded that without the inspection certificates, as a practical matter, it was impossible for the petitioners to sell their produce. Had they possessed the legal right to sell the potatoes, it could indeed be said that the withholding of inspection services deprived them of a valuable property right. But since failure to pay the assessments under RCW 15.66.150(4) rendered the sale of the potatoes unlawful, the petitioners cannot be heard to say that the respondent director has interfered with their property rights in refusing to issue inspection certificates.

The petitioners call attention to the fact that RCW 15.66.170 provides a specific and detailed method for the collection of assessments and argue that this remedy is exclusive.[2] They cite 72 Am. Jur. 2d *State and Local Taxa-*

---

issued, but no liability hereunder shall attach to common carriers in the regular course of their business.

RCW 15.66.210(1) makes it a misdemeanor for anyone to violate the provisions of this act. Under RCW 15.17.110, it is unlawful for anyone to ship, sell or transport potatoes unless they comply with the grades and classifications established under the chapter, and under RCW 15.17.220(2) it is unlawful to ship or transport or for any carrier to accept any horticultural plant or product without an inspection certificate attached.

[2]RCW 15.66.170:

"Any due and payable assessment herein levied, and every sum due under any marketing order in a specified amount shall constitute a personal debt of every person so assessed or who otherwise owes the same, and the same shall be due and payable to the commission when payment is called for by the commission. In the event any person fails to pay the full amount of such assessment or such other sum on or before the date due, the commission may add to such unpaid assessment or sum an amount not exceeding ten percent of the same to

*tion* § 870 (1974), where it is said that many courts hold that where a statute provides a special remedy for the collection of a tax, that remedy is exclusive.[3] If this statement is read in context and the authorities cited are examined, it will be seen that the term remedy is used with reference to other judicial remedies. None of them supports a conclusion that the withholding of a governmental service, which has the practical effect of forcing the payment of a tax or assessment, is a type of "remedy" contemplated under this rule.

As the trial court in this case observed, had the respondent director not withdrawn the inspection services, he would have been aiding and abetting the petitioners in their defiance of the requirements of RCW 15.66.150 (4). While RCW 15.17 does not expressly authorize the withholding of inspection services where assessments are not paid under RCW 15.66, there is an implied authority to do so. RCW 15.17.220 (2) makes it unlawful to ship or transport any horticultural product without an inspection permit or certificate, when such is required by the director pursuant to the statute, and authorizes the denoting upon the certificate that all assessments have been paid before lawful shipment can take place. RCW 15.66.150 (4) also makes it unlawful to sell or dispose of produce such as the petitioners' potatoes when the assessments have not been paid.

As RCW 15.17.010 makes clear, the purpose of the chapter providing uniform grades and standards for horticultural products and for the inspection of such products, was to facilitate the orderly and fair marketing of such products.

---

defray the cost of enforcing the collecting of the same. In the event of failure of such person or persons to pay any such due and payable assessment or other such sum, the commission may bring a civil action against such person or persons in a state court of competent jurisdiction for the collection thereof, together with the above specified ten percent thereon, and such action shall be tried and judgment rendered as in any other cause of action for debt due and payable."

[3]The rule in Washington is that where the statute provides an ample and specific method of enforcing collection of taxes, such method is exclusive. *Bennett v. Grays Harbor County,* 15 Wn.2d 331, 130 P.2d 1041 (1942).

Thus the act contemplates that the services to be rendered thereunder will be rendered with respect to marketable products. Since the petitioners had not paid the assessments and had indicated that they would continue to refuse to pay them, their products were not, in law, marketable. The issuing of certificates of inspection upon such products would be a useless act, and one which would have the effect of facilitating the violation of another statute. We cannot find expressed in the statute any intent to require or authorize the inspecting of produce under such circumstances and will not presume that such was the legislative intent.

As the trial court pointed out, if the petitioners have objections to the legality or amount of assessments levied against their produce, they have a remedy. They can pay the assessments and sue to recover those unlawfully assessed. *Hansen Baking Co. v. Seattle*, 48 Wn.2d 737, 296 P.2d 670 (1956). Also, RCW 15.66.150(2) authorizes any affected producer to obtain a refund of excess payments at the end of any year. The petitioners state that this remedy is inadequate because it does not permit them to obtain refunds in their capacity as "handlers." Since the tax is assessed against producers[4] and not against "handlers," who are merely required to collect the tax (RCW 15.66.150(4)), we cannot agree with this contention.

But the petitioners have not claimed that the assessments were illegal; they simply claim that they were entitled to the inspection services whether or not they paid their assessments. The authorities do not support this proposition. The Superior Court did not err in dissolving the restraining

---

[4] RCW 15.66.150 reads, in pertinent part:

"There is hereby levied, and there shall be collected by each commission, upon each and every unit of any agricultural commodity specified in any marketing order an annual assessment which shall be paid by the producer thereof upon each and every such unit sold, processed, stored or delivered for sale, processing or storage by him. . . ."

388

order and injunction. The assessments paid into the trust fund may be withdrawn by the respondents.

The judgment is affirmed.

STAFFORD, C.J., and FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.